IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) CIVIL ACTION NO. 3:06 CV 78-MHT ) |
| WIREGRASS CONSTRUCTION CO., INC., and ST. PAUL TRAVELERS, | ) ) ) |
| Defendant(s). | ) ) |

### ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

Comes now the defendant, The Travelers Indemnity Company, incorrectly identified as St. Paul Travelers,("Travelers") and for answer to the plaintiff's complaint sets forth the following responses and affirmative defenses without waiving any substantive procedural deficiencies in plaintiff's complaint:

### I. Parties, Jurisdiction and Venue

1. Defendant admits that Exhibit "1" consists of portions of a complaint and an amended complaint filed by Jessica Hatton. The attached complaints are written documents, the terms of which speak for themselves. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 1 of plaintiff's complaint. Therefore, defendant denies same and demands strict proof thereof.

2. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 2 of plaintiff's complaint and therefore denies same and demands strict proof thereof.

3. Upon information and belief, admitted.

4. Denied.

5. Defendant admits that it has made demand upon State Auto Mutual Insurance Company ("State Auto") for defense and indemnity on behalf of Wiregrass Construction Company for claims made in a lawsuit filed by Jessica Hatton against David Bulger, Inc. et.al., but denies the remainder of the allegations contained in paragraph 5 of plaintiff's complaint and demands strict proof thereof.

## II. Factual Background

6. Defendant admits that Exhibits "2" and "3" are copies of insurance policy documents, which are written documents, the terms of which speak for themselves. Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 6 of plaintiff's complaint and therefore denies same and demands strict proof thereof.

7. Admitted as to the fact that an accident occurred but denied as to the remainder of the allegations contained in paragraph 7 of plaintiff's complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

8. Defendant admits that Exhibit "4" is a subcontract. The subcontract is a written document, the terms of which speaks for itself. Defendant admits that a demand for defense and indemnity was made to State Auto on behalf of Wiregrass Construction Company for claims made against Wiregrass Construction Company in a lawsuit filed by Jessica Hatton, but denies the remainder of the allegations contained in paragraph 8 of plaintiff's complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, defendant denies same and demands strict proof thereof.

2

9. Defendant is without sufficient knowledge of information to admit or deny the allegations contained in paragraph 9 of plaintiff's complaint. Therefore, defendant denies same and demands strict proof thereof.

### III. Claims for Relief

10. Denied.

Defendant denies the demand for relief made in the unnumbered paragraph that follows paragraph 10 of plaintiff's complaint, demands strict proof thereof, and re-alleges its responses to paragraphs 1-10.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The complaint fails to state a cause of action against this defendant upon which relief may be granted.

### SECOND DEFENSE

Defendant asserts that venue is improper.

### THIRD DEFENSE

Service of process on this defendant was improper and invalid.

### FOURTH DEFENSE

Defendant denies each and every material allegation of the complaint and demands strict proof thereof.

### FIFTH DEFENSE

Defendant's insured is entitled to defense and indemnity based on the language contained in the Subcontract entered into between Wiregrass Construction Company, Inc and David Bulger, Inc. on or about October 15, 2004.

## SIXTH DEFENSE

Defendant denies that it or its insured are guilty of any acts or omissions that would defeat the terms and conditions of the Subcontract entered into between Wiregrass Construction Company, Inc and David Bulger, Inc. on or about October 15, 2004.

## SEVENTH DEFENSE

Defendant denies that it or its insured are guilty of any acts or omissions that would defeat coverage under the State Automobile Mutual Insurance Company policies that are the basis of this complaint. Defendant's insured is entitled to the policy benefits of defense and indemnity.

## EIGHTH DEFENSE

Defendant asserts that State Auto is not entitled to the relief prayed for in its Complaint for Declaratory Judgment.

## NINTH DEFENSE

Defendant pleads waiver, estoppel and unclean hands to the extent they may apply.

## TENTH DEFENSE

Defendant asserts that plaintiff's cause of action is barred by the applicable statute of limitations.

## ELEVENTH DEFENSE

The complaint fails to properly join a party under Federal Rules of Civil Procedure 19.

        s/ Carol Ann Smith
        Carol Ann Smith, ASB-3485-T81C
        Susan Rogers, ASB-6586-S74S
        Attorneys for The Travelers Indemnity Company

**OF COUNSEL:**
SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, Alabama 35209
Phone: (205) 802-2214
Fax: (205) 879-4445

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

| | |
|---|---|
| _____ | Hand-delivery |
| _____ | U. S. Mail |
| _____ | Federal Express |
| _____ | Facsimile |
| __x__ | E-filing |

on this the 21st day of February, 2006.

        s/ Carol Ann Smith

        OF COUNSEL

cc:    Christopher John Zulanas
       Michael Jon Douglas
       Friedman, Leak, Dazzio, Zulanas & Bowling, PC
       P.O. Box 43219
       Birmingham, AL 35242-3219

       Wiregrass Construction Company, Inc.
       c/o John L. Harper
       Route 1 Box 198-A
       Ariton, AL 36311