IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,  Plaintiff,  v.  WIREGRASS CONSTRUCTION CO., INC., And ST. PAUL TRAVELERS,  Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 3:06-cv-0078-MHT<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR MORE DEFINITE STATEMENT

Defendant Wiregrass Construction Co., Inc., (hereinafter referred to as "Wiregrass"), pursuant to the provisions of Rule 12(e), Fed.R.Civ.P., moves the Court to order plaintiff State Automobile Mutual Insurance Company (hereinafter "State Auto") to amend its Complaint for Declaratory Judgment so as to present a more definite statement of the basis for its claims that it owes no coverage to Wiregrass for the claims asserted against it in the civil action referenced in paragraph 1 of the Complaint for Declaratory Judgment as the "underlying lawsuit."[1]

As grounds, Wiregrass asserts the following:

1. As stated, the averments of the Complaint for Declaratory Judgment (Doc. 1) are too vague and ambiguous, concerning the provisions of the subject insurance policies upon which State Auto relies to deny coverage to Wiregrass, to permit Wiregrass to frame a complete responsive pleading.

---

[1] Jessica Hatton, as dependent widow and administratrix of the Estate of Jackson Irving Hatton Jr., Plaintiff, v. Macon County, a governmental entity; David Bulger, Inc.; Edward Bowman; and Wiregrass Construction Company, Inc., Civil Action No. CV-05-119, Circuit Court, Macon County, Alabama. See Exhibit 1 to Complaint for Declaratory Judgment.

In support of its Motion for More Definite Statement, Wiregrass further state as follows:

1. As averred in ¶ 7 of the Complaint for Declaratory Judgment, the factual basis for the claims of the plaintiff in the Underlying Lawsuit is the death of Jackson Irving Hatton, Jr., plaintiff's decedent, when he was run over by a vehicle driven by Edward Bowman, an employee of David Bulger, Inc. (hereinafter "Bulger").

2. Bulger is the first named insured in the two policies of insurance made the basis of State Auto's Complaint for Declaratory Judgment. See Exhibits 2 and 3 to the Complaint for Declaratory Judgment.

3. As further averred in ¶ 7 of the Complaint for Declaratory Judgment, the plaintiff in the Underlying Lawsuit alleges that Wiregrass is liable for the death of Mr. Hatton because it failed to control traffic in the area in which Mr. Hatton's accident occurred.

4. As averred in ¶ 8 of the Complaint for Declaratory Judgment, defendant (in this action) St. Paul Travelers made demand upon State Auto to defend and indemnify Wiregrass in the Underlying Lawsuit, with reference to the terms of the subcontract between Wiregrass and Bulger. See Exhibit 4 to Complaint for Declaratory Judgment.

5. In pertinent part, the subcontract between Wiregrass and Bulger obligated Bulger to maintain Commercial General Liability and Automobile Liability insurance in specified amounts, and further provided:

> The Contractor [Wiregrass] and Owner shall be named as ADDITIONAL INSUREDS on the Subcontractor's [Bulger's] policies for this project. The Subcontractor's policy shall be endorsed to specify that his/her insurance will be primary Insurance for the Contractor and the Owner that have been named as ADDITIONAL INSUREDS.[2]

---

[2] Exhibit 4, Complaint for Declaratory Judgment, ¶¶ 5(b) and 5(c).

2

6.  The Declarations pages for the Business Auto Policy, Exhibit 2, Complaint for Declaratory Judgment, and for the Commercial General Liability Policy, Exhibit 3, Complaint for Declaratory Judgment, identify Aronov Insurance, Inc. of Montgomery, Alabama, as the "Agency," which Wiregrass asserts is the authorized agent of State Auto with respect to insurance and endorsement of the subject insurance policies.

7.  In apparent compliance with its obligations to provide insurance as stated in the subcontract, Bulger caused to be furnished to Wiregrass a Certificate of Insurance, dated December 16, 2004, issued by Aronov Insurance, Inc., which represents that State Auto provided General Liability and Automobile Liability Insurance to Bulger, as Named Insured, under policies with policy numbers identical to those set forth in the Comprehensive General Liability and Business Auto policies attached as Exhibits 2 and 3 to the Complaint for Declaratory Judgment. A copy of the said Certificate of Insurance is attached hereto as Defendant's Exhibit A and is incorporated herein by reference.

8.  The Certificate of Insurance stated:

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS

Wiregrass Construction Co., Inc. is named as an Additional Insured as their interest may appear on the General Liability and Auto Liability policies.

9.  In response to the demand for defense and indemnity of Wiregrass in the Underlying Lawsuit presented by St. Paul Travelers to State Auto, as referenced in ¶ 8 of the Complaint for Declaratory Judgment, Sharon Furlong, CPCU of State Auto, on January 26, 2006, sent a fax communication to St. Paul Travelers stating in full:

As you requested, this fax is being sent to confirm that State Auto Mutual Insurance will not be assuming the defense of Wiregrass Construction at this time.

A copy of the fax of January 26, 2006, is attached hereto as Defendant's Exhibit B.

10. In light of the foregoing, the averments of the State Auto Complaint for Declaratory Judgment that "State Auto's policies contain numerous provisions and language which may apply to the underlying lawsuit and Wiregrass Construction Company's demand for defense and indemnity through St. Paul Travelers" (Complaint for Declaratory Judgment, ¶ 9), and the few references to some policy provisions upon which State Auto apparently relies to support its blanket denial of coverage to Wiregrass, are too vague, ambiguous and insufficient to enable Wiregrass to frame a full and complete response to the averments of the Complaint for Declaratory Judgment.

THE FOREGOING CONSIDERED, defendant Wiregrass Construction Co., Inc. moves the Court to enter an Order compelling plaintiff State Automobile Mutual Insurance Company to amend its Complaint for Declaratory Judgment so as to present a more definite statement of the basis for its claims that it owes no coverage to Wiregrass for the claims asserted against it in the Underlying Lawsuit.

/s/ Jack Owen
JACK OWEN

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR.
Attorneys for Defendant
Wiregrass Construction Co., Inc.

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email: ccowen@ball-ball.com
       wsheehan@ball-ball.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christopher J. Zulanas
Michael J. douglas
Freidman, Leak, Dazzio, Zulanas & Bowling, P.C.
3800 Colonnade Parkway
Suite 650
Birmingham, AL 35243
Email: czulanas@friedmanleak.com
       mdouglas@friedmanleak.com

/s/ Jack Owen
OF COUNSEL