IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
**(EASTERN DIVISION)**

STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,

Plaintiff,

v.

WIREGRASS CONSTRUCTION CO., INC., ST. PAUL TRAVELERS and THE TRAVELERS INDEMNITY COMPANY,

Defendants.

CIVIL ACTION CASE NUMBER:
**3:06-CV-00078-MHT**

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, **State Automobile Mutual Insurance Company ("State Auto")**, and seeks a declaration of its rights and obligations under policies of insurance issued to David Bulger, Inc. pursuant to 28 U.S.C. §2201, Federal Rule of Civil Procedure 57 and *Alabama Code* §6-6-220 (1975), *et. seq.*, as well as applicable principles of common law.

## I. Parties, Jurisdiction and Venue

1. This cause arises out of a civil action styled *Jessica Hatton as dependent widow and Administratrix of the Estate of Jackson Irving Hatton, Jr. vs. David Bulger, Inc., et al.*, bearing Civil Action Number CV05-119 filed and pending in the Circuit Court of Macon County, Alabama. (Hereinafter referred to as "the underlying lawsuit", a copy of which, as amended, is attached hereto as Exhibit 1). The damages allegedly at issue in the underlying lawsuit exceed the minimum jurisdictional limits of this Court being Seventy-Five Thousand Dollars ($75,000.00).

2. State Auto is a foreign corporation with its principal place of business located in Ohio and it is licensed to conduct business in the State of Alabama.

3. Upon information and belief, Wiregrass Construction Company, Inc. is an Alabama corporation with its principal place of business located in Ariton, Alabama.

4. Upon information and belief, St. Paul Travelers is a foreign corporation with its principal place of business located in Minnesota and is licensed to conduct business in the State of Alabama.

5. Upon information and belief, The Travelers Indemnity Company, as it identified itself in its Answer to the Plaintiff's Complaint for Declaratory Judgment, is a foreign corporation with its principal place of business located in Minnesota and is licensed to conduct business in the State of Alabama.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §2201, Federal Rule of Civil Procedure 57 and *Alabama Code* §6-6-220 (1975) *et. seq.* and other applicable law as Wiregrass Construction Company, Inc., by and through St. Paul Travelers and/or The Travelers Indemnity Company, has notified State Auto of the underlying lawsuit, demanded a defense and indemnity and an actual controversy exists as to whether State Auto owes a defense and/or indemnity such that a declaration of State Auto's rights and obligations by this Court is necessary.

## II. Factual Background

7. State Auto issued a business auto policy to David Bulger, Inc. with effective dates of October 19, 2004 through October 19, 2005 bearing policy number BAP 2095834, and a Series I Contractor's Policy with effective dates of October 19, 2004 through October 19, 2005 bearing policy number SOC 2141652. True and correct copies of said policies are attached hereto as Exhibits 2 and 3.

8. The underlying lawsuit arises out of an accident which occurred in Macon County, Alabama on May 9, 2005. According to the allegations in the underlying lawsuit, as amended, the decedent was

working at a construction site in Macon County, Alabama when he was run over by a vehicle driven by Edward Bowman on behalf of David Bulger, Inc. At the time, the decedent was allegedly working for Macon County, Alabama and in addition to claims against Mr. Bowman and David Bulger, Inc. for negligence, wantonness, negligent respondeat superior, negligent and/or wanton entrustment and negligent and/or wanton hiring, retention, maintenance and/or training, a claim is made against Macon County, Alabama for workers' compensation benefits. Finally, the Plaintiff in the underlying lawsuit contends Wiregrass Construction Company, Inc. had responsibility for traffic control on the construction project and that it negligently and/or wantonly failed to control traffic within the project area. (Plaintiff's First Amended Complaint).

9. After it was named as a defendant in the underlying lawsuit via Plaintiff's First Amended Complaint, Wiregrass Construction Company, Inc.'s insurance carrier, St. Paul Travelers and/or The Travelers Indemnity Company, demanded that State Auto defend and indemnify its insured pursuant to a subcontract agreement between David Bulger, Inc. and Wiregrass Construction Company, Inc. Upon information and belief, a true and correct copy of the subcontract is attached hereto as Exhibit 4.

10. State Auto's policies contain numerous provisions and language which may apply to the underlying lawsuit and Wiregrass Construction Company, Inc.'s demand for defense and indemnity by and through St. Paul Travelers and/or The Travelers Indemnity Company. Certified copies of said policies are attached to this Complaint and State Auto adopts and incorporates the language contained within those policies as if fully set forth herein. Based upon a fair reading of the policies and the underlying lawsuit, State Auto asserts judicable controversies exist as to whether Wiregrass Construction Company, Inc. is an "insured" as that term is defined in the policies, whether the subcontract is an "insured contract" as that term is defined in the policies, whether the "aircraft, auto or watercraft" exclusion and others contained in the

policies apply to the allegations in the underlying lawsuit and whether and to what extent the "other insurance" clauses in the policies apply.

## III. Claims for Relief

11. A real, bonafide controversy exists, as defined by the Federal Declaratory Judgment Act, 28 U.S.C. §2201, *et. seq.* between the parties with regard to State Auto's rights and obligations under the aforementioned policies of insurance as to whether coverage, if any, exists for the claims made in the underlying lawsuit pursuant to the demand for defense and indemnity made by Wiregrass Construction Company, Inc. by and through its insurance carrier, St. Paul Travelers and/or The Travelers Indemnity Company.

WHEREFORE, PREMISES CONSIDERED, State Auto prays this Court will take jurisdiction over this matter and issue a judgment declaring the rights and obligations of the parties to this action including, but not limited to, a determination of whether and to what extent State Auto has a duty to defend and indemnify Wiregrass Construction Company, Inc. in and for the underlying lawsuit. Additionally, State Auto prays for any other legal and equitable relief to which it may be entitled.

Respectfully submitted,

____________________________
Christopher J. Zulanas (ASB-1572-u82c)
E-Mail: czulanas@friedmanleak.com

Michael J. Douglas (ASB-2888-c52d)
E-Mail: mdouglas@friedmanleak.com

Attorneys for Plaintiff
State Automobile Mutual Insurance Company

**Friedman, Leak, Dazzio, Zulanas & Bowling, PC**
3800 Colonnade Parkway, Suite 650
Birmingham, AL 35243
Telephone: (205) 278-7000
Facsimile: (205) 278-7001

**CERTIFICATE OF SERVICE**

I hereby certify I have caused a copy of the foregoing pleading to be served on counsel for all parties via first class mail, postage prepaid and properly addressed this ______ day of March 2006.

______________________________
OF COUNSEL

cc:
Clyde C. (Jack) Owen Jr.
*Email: ccowen@ball-ball.com*
C. Winston Sheehan, Jr.
*Email: wsheehan@ball-ball.com, rsmith@ball-ball.com*
Attorneys for Wiregrass Construction
**BALL, BALL, MATTHEWS & NOVAK, P.A.**
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Carol Ann Smith
*Email: casmith@smith-ely.com, receptionist@smith-ely.com; llee@smith-ely.com*
Susan Rogers
*Email: srogers@smith-ely.com, receptionist@smith-ely.com*
Attorneys for The Travelers Indemnity Company
**SMITH & ELY, LLP**
2000A SouthBridge Parkway, Suite 405
Birmingham, AL 35209