IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,  Plaintiff,  v.  WIREGRASS CONSTRUCTION CO., INC., And ST. PAUL TRAVELERS,  Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 3:06-cv-0078-MHT<br>)<br>)<br>)<br>)<br>) |

**BRIEF OF DEFENDANT WIREGRASS CONSTRUCTION CO., INC.
IN SUPPORT OF
<u>MOTION FOR MORE DEFINITE STATEMENT</u>**

Defendant Wiregrass Construction Co., Inc., (hereinafter referred to as "Wiregrass"), in compliance with the Order of the Court (Doc. 8) submits this brief in support of its Motion for More Definite Statement (Doc. 6):

Rule 12(e), Fed.R.Civ.P., provides the procedural vehicle for a party to seek clarification of a pleading that is so vague or ambiguous that it cannot reasonably be required to frame a responsive pleading. The Complaint for Declaratory Judgment (Doc. 1) is clear enough that it alleges a controversy concerning whether the State Automobile Mutual Insurance Company (hereinafter "State Auto") policies of insurance issued to David Bulger, Inc. obligate plaintiff State Auto to defend and indemnify Wiregrass against the allegations of liability asserted against it in the "underlying lawsuit" pending in the Circuit Court for Macon County, Alabama.[1] The Complaint is not clear, however, regarding the particulars of the controversy alleged. This

---

[1] <u>Jessica Hatton, as dependent widow and administratrix of the Estate of Jackson Irving Hatton Jr., Plaintiff, v. Macon County, a governmental entity; David Bulger, Inc.; Edward Bowman; and Wiregrass Construction Company, Inc.</u>, Civil Action No. CV-05-119, Circuit Court, Macon County, Alabama. See Exhibit 1 to Complaint for Declaratory Judgment (Doc. 1).

vagueness is compounded in no small measure by the fact that Wiregrass is the holder of a Certificate of Liability Insurance in which it is represented:

> "DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS
>
> Wiregrass Construction Co., Inc. is named as an Additional Insured as their interest may appear on the General Liability and Auto Liability policies."[2]

The Certificate of Liability Insurance, dated December 16, 2004, bears the name of Aronov Insurance, Inc., Montgomery, Alabama, and "CISR Mark Keltz" as the producer,[3] and the signature of Mark Keltz, CISR, as the "Authorized Representative." The only rational conclusion is that Mr. Keltz issued the Certificate as the authorized agent of the insurer, in this case, State Auto. This conclusion is buttressed by the fact that the "Agent" shown on the declarations pages of both of the subject State Auto insurance policies[4] is the same Aronov Insurance, Inc.

The State Auto policies do not contain an endorsement adding Wiregrass as an additional insured, contrary to the affirmative representation of the Certificate of Insurance that this was a *fait accompli*. Thus, for pleading purposes, the vagueness of the Complaint lies in the uncertain status of Aronov Insurance. Is it the "authorized representative" of State Auto as stated in the Certificate of Insurance and confirmed by the policies, or not? It is important, for pleading purposes, for State Auto to assert its position with respect to Aronov's agency status, so that Wiregrass can determine how to frame its responsive pleading. Whether to assert affirmative defenses of fraud, or estoppel, and/or counterclaims for breach of contract, bad faith, or

---

[2] Defendant's Exhibit A, Motion for More Definite Statement (Doc. 6). A clearer copy of defendant's Exhibit A, which includes left-hand margin information obscured on the copy attached to the Motion for More Definite Statement, is attached hereto.

[3] A "producer" is a person required to be licensed by the laws of Alabama to sell, solicit, or negotiate insurance. § 27-7-1 (5), Ala. Code 1975.

[4] Exhibits 2 and 3, Complaint for Declaratory Judgment (Doc. 1).

reformation, and/or whether to seek leave to add Aronov Insurance, Inc. as a third-party defendant, so as to assert claims against it, are dependent upon State Auto's position with respect to Aronov's agency and authority to issue the Certificate of Insurance on its behalf.

Rule 13(a), Fed.R.Civ.P., mandates the pleading of all compulsory counterclaims, being those claims "which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the same transaction or occurrence that is the subject of the opposing party's claim and does not require for adjudication the presence of third parties of whom the court cannot acquire jurisdiction." The transaction in question is State Auto's issuance of liability insurance policies and a corresponding Certificate of Insurance purporting to include Wiregrass as an additional insured.

An insured's claim of bad faith against its insurer is a compulsory counterclaim, in the insurer's action for declaratory judgment. Berry v. United of Omaha Ins. Co., 717 F.2d 1127, 1129 (11th Cir. 1983); Safeco Ins. Co. v. Sims, 435 So.2d 1219, 1222 (Ala. 1983); Federated Guaranty Ins. Co. v. Wilkins, 435 So.2d 10, 14 (Ala. 1983). There is no apparent reason why a counterclaim for reformation would be considered differently.

Rule 14(a), Fed.R.Civ.P., permits the filing of third-party complaints without leave of court only within ten days after a defendant files its answer to the complaint.

While Wiregrass is not timid regarding pleading its case, prudence suggests that State Auto should state its position on the issue of Aronov's agency before Wiregrass is required to assert affirmative defenses and/or claims seeking relief against State Auto and/or Aronov.

Secondly, State Auto's Complaint for Declaratory Judgment alleges that "State Auto's policies contain numerous provisions and language which may apply to the underlying lawsuit and Wiregrass Construction Company's demand for defense and indemnity through St. Paul Travelers" (Complaint for Declaratory Judgment, ¶ 9). This and the few references to some policy provisions

upon which State Auto apparently relies to support its blanket denial of coverage to Wiregrass, are too vague, ambiguous and insufficient to enable Wiregrass to frame a full and complete response to the averments of the Complaint for Declaratory Judgment. This is particularly so in this case, since State Auto's Chartered Property and Casualty Underwriter (CPCU) Sharon Furlong, before State Auto filed this declaratory judgment action, unequivocally refused a defense of the underlying lawsuit to Wiregrass, without explanation.[5]

Although discovery is available to ferret out the specifics of State Auto's policy defenses, a modicum more specificity in pleading its claims of noncoverage, by stating upon which of the policy provisions, among the many, it relies to deny coverage to Wiregrass, and the basis for that reliance, would aid the discovery process. For example, from the review of the pleadings in the underlying lawsuit it is clear that the plaintiff's decedent, Mr. Hatton, was killed when he was run over by an employee of David Bulger, Inc., who was operating a Bulger truck and was performing work within the scope of Bulger's subcontract with Wiregrass.[6] Bulger's subcontract with Wiregrass obligates Bulger to defend and indemnify Wiregrass "[t]o the fullest extent permitted by law" against claims and liability "arising out of or in any way related to (i) the performance of the Work...."[7] The State Auto policies exclude Contractual Liability of Bulger, except for liability that the insured (Bulger) assumes in an agreement or contract that is an "insured contract." Exhibit 2, Complaint for Declaratory Judgment (Doc. 1), Business Auto Policy, Business Auto Coverage Form, page 3 of 11, and Exhibit 3, Commercial General Liability Coverage Form, page 2 of 16. An "insured contract" is defined in both policies to include "That part of any ... contract or

---

[5] Fax of January 26, 2006, from Ms. Furlong to St. Paul Insurance Company, attached as Defendant's Exhibit B to Wiregrass' Motion for More Definite Statement (Doc. 6).

[6] Exhibit 4, Complaint for Declaratory Judgment (Doc. 1).

[7] Exhibit 4, Complaint for Declaratory Judgment (Doc. 1), ¶ 6.

agreement pertaining to your business… under which you assume the tort liability of another to pay for 'bodily injury' … to a third party or organization." Complaint for Declaratory Judgment (Doc. 1), Exhibit 2, page 10 of 11, and Exhibit 3, page 13 of 16.  How the circumstances of the underlying lawsuit, the claims against Wiregrass therein, and the Wiregrass-Bulger subcontract provisions operate to create a justiciable controversy concerning whether the subcontract is an "insured contract," as State Auto alleges,[8] cannot be discerned without further pleading by State Auto to explain.

In light of the foregoing, an Order compelling plaintiff State Automobile Mutual Insurance Company to amend its Complaint for Declaratory Judgment so as to present a more definite statement of the basis for its claims that it owes no coverage to Wiregrass for the claims asserted against it in the underlying lawsuit is warranted.  Defendant Wiregrass urges the Court to grant its Motion for More Definite Statement.

        /s/ Jack Owen
        JACK OWEN

        /s/ C. Winston Sheehan, Jr.
        C. WINSTON SHEEHAN, JR.
        Attorneys for Defendant
        Wiregrass Construction Co., Inc.

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email: ccowen@ball-ball.com
       wsheehan@ball-ball.com

---

[8] Complaint for Declaratory Judgment (Doc. 1), ¶ 9.

## CERTIFICATE OF SERVICE

    I hereby certify that on March 16, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christopher J. Zulanas  
Michael J. Douglas  
Freidman, Leak, Dazzio, Zulanas & Bowling, P.C.  
3800 Colonnade Parkway  
Suite 650  
Birmingham, AL 35243  
Email: czulanas@friedmanleak.com  
        mdouglas@friedmanleak.com

Carol Ann Smith  
Susan Rogers  
Smith & Ely, L.L.P.  
Suite 405  
2000A SouthBridge Parkway  
Birmingham, AL 35209  
Email: casmith@smith-ely.com  
        srogers@smith-ely.com

                                                  /s/ Jack Owen  
                                                  OF COUNSEL

# DEFENDANT'S EXHIBIT A

Certificate of Insurance, December 16, 2004

| ACORD™ | CERTIFICATE OF LIABILITY INSURANCE | | DATE (MM/DD/YYYY) 12/16/2004 |
|---|---|---|---|
| PRODUCER (334)277-1000  FAX (334)277-2498<br>Aronov Insurance Inc.<br>PO Box 235000<br>Montgomery, AL 36123-5000<br>CISR, Mark Keltz | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. | | |
| | INSURERS AFFORDING COVERAGE | | NAIC # |
| INSURED  David Bulger, Inc.<br>3904 Birmingham Hwy<br>Montgomery, AL 36108 | INSURER A: State Auto Insurance Co. | | |
| | INSURER B: AL Home Builders SIF | | |
| | INSURER C: | | |
| | INSURER D: | | |
| | INSURER E: | | |

COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | | GENERAL LIABILITY<br>X COMMERCIAL GENERAL LIABILITY<br>☐ CLAIMS MADE  X OCCUR<br><br>GEN'L AGGREGATE LIMIT APPLIES PER:<br>☐ POLICY  ☐ PROJECT  ☐ LOC | SOC2141652 02 | 10/19/2004 | 10/19/2005 | EACH OCCURRENCE<br>DAMAGE TO RENTED PREMISES (Ea occurrence)<br>MED EXP (Any one person)<br>PERSONAL & ADV INJURY<br>GENERAL AGGREGATE<br>PRODUCTS - COMP/OP AGG | $ 1,000,000<br>$ 100,000<br>$ 5,000<br>$ 1,000,000<br>$ 2,000,000<br>$ 2,000,000 |
| A | | AUTOMOBILE LIABILITY<br>X ANY AUTO<br>☐ ALL OWNED AUTOS<br>☐ SCHEDULED AUTOS<br>X HIRED AUTOS<br>X NON-OWNED AUTOS | BAP2095834 | 10/19/2004 | 10/19/2005 | COMBINED SINGLE LIMIT (Ea accident)<br>BODILY INJURY (Per person)<br>BODILY INJURY (Per accident)<br>PROPERTY DAMAGE (Per accident) | $ 1,000,000<br>$<br>$<br>$ |
| | | GARAGE LIABILITY<br>☐ ANY AUTO | | | | AUTO ONLY - EA ACCIDENT<br>OTHER THAN  EA ACC<br>AUTO ONLY:  AGG | $<br>$<br>$ |
| A | | EXCESS/UMBRELLA LIABILITY<br>X OCCUR  ☐ CLAIMS MADE<br><br>☐ DEDUCTIBLE<br>☐ RETENTION $ | SOC2141652 02 | 10/19/2004 | 10/19/2005 | EACH OCCURRENCE<br>AGGREGATE | $ 3,000,000<br>$ 3,000,000<br>$<br>$<br>$ |
| B | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED?<br>If yes, describe under SPECIAL PROVISIONS below | 09939-00 | 01/01/2005 | 01/01/2006 | X WC STATU-  OTH-<br>TORY LIMITS  ER<br>E.L. EACH ACCIDENT<br>E.L. DISEASE - EA EMPLOYEE<br>E.L. DISEASE - POLICY LIMIT | <br>$ 1,000,000<br>$ 1,000,000<br>$ 1,000,000 |
| | | OTHER | | | | | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS
Wiregrass Construction Co., Inc. is named as an Additional Insured as their interest may appear on the General Liability and Auto Liability policies.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Wiregrass Construction Company, Inc.<br>P.O. Box 48<br>Ariton, AL 36311 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL __30__ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.<br>AUTHORIZED REPRESENTATIVE<br>Mark Keltz, CISR/MLK  *[signature]* |

ACORD 25 (2001/08)  ©ACORD CORPORATION 1988

## IMPORTANT

If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

## DISCLAIMER

The Certificate of Insurance on the reverse side of this form does not constitute a contract between the issuing insurer(s), authorized representative or producer, and the certificate holder, nor does it affirmatively or negatively amend, extend or alter the coverage afforded by the policies listed thereon.

ACORD 25 (2001/08)