IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, )<br>)<br>) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:06-cv-0078-MHT |
| ) | |
| WIREGRASS CONSTRUCTION CO., INC., )<br>And ST. PAUL TRAVELERS, ) | |
| ) | |
| Defendants. ) | |

ANSWER AND COUNTERCLAIM
Of
DEFENDANT WIREGRASS CONSTRUCTION CO., INC.

Defendant Wiregrass Construction Co., Inc., (hereinafter referred to as "Wiregrass"), answers the averments of the Second Amended Complaint for Declaratory Judgment (Doc. 23), and asserts the following Counterclaim against plaintiff State Automobile Mutual Insurance Company:

ANSWER

I. Parties, Jurisdiction and Venue

1. Admitted.

2. Admitted.

3. Admitted.

4. This defendant has insufficient knowledge upon which to base an admission or denial of the averments of this paragraph, and thus denies the same.

5. Admitted.

6. Admitted that this Court has jurisdiction pursuant to 28 U.S.C. §§ 2201 *et seq.*; denied as regards the other alleged bases therefor. Otherwise admitted.

## II. Factual Background

7. Admitted as regards the issuance of the stated insurance policies to David Bulger, Inc. Otherwise denied.

8. Admitted.

9. Admitted.

10. Admitted that State Auto's policies contain numerous provisions that apply to the underlying lawsuit and to Wiregrass' demand for defense and indemnity. Wiregrass relies on the language contained within the said policies of insurance, declarations, endorsements and certificates of insurance issued by State Auto with respect to the terms and provisions thereof. Denied that a justiciable controversy exists with respect to whether Wiregrass is an "insured" as that term is defined in the policies, and whether the subcontract is an "insured contract" as defined in the policies. Denied that any of the cited terms and provisions of the subject insurance policies operate to exclude coverage of Wiregrass for defense and indemnity in relation to the underlying lawsuit.

## III. Claims for Relief

11. Denied.

12. Any averments of the Second Amended Complaint for Declaratory Judgment that are not specifically admitted hereinabove, are denied.

## AFFIRMATIVE DEFENSE

13. Plaintiff State Auto is estopped to deny that Defendant Wiregrass is an additional insured by endorsement to the insurance policies attached as exhibits 2 and 3 to the Complaint for Declaratory Judgment.

## COUNTERCLAIM

14. Pursuant to an Agency Agreement dated effective January 1, 2002, plaintiff State Auto appointed Aronov Insurance, Inc. its agent to sell insurance on behalf of State Auto. Among other things, the terms and conditions of the Agency Agreement authorized and empowered Aronov Insurance, Inc. to do the following:

   A. Solicit, receive and transfer to State Auto proposals for insurance contracts.

   B. Bind and execute insurance contracts, except as expressly provided by State Auto.

   C. Provide all usual and customary services of an insurance agent on all insurance contracts placed by the Agent with State Auto.

15. The Agency Agreement further imposed Duties upon Aronov Insurance, Inc., as agent for State Auto, including the following:

   A. Forward to State Auto copies of all applications, binders, policies, certificates and endorsements issued by the Agent, or otherwise notify State Auto of all liability accepted, within four business days of Aronov's acceptance of coverage.

   B. Fulfill the obligations of an insurance agent as commonly agreed within the insurance industry including, but not limited to, providing proper service to policyholders.

16. The Agency Agreement also imposed Other Conditions upon Aronov Insurance, Inc., including the following:

   A. Restricting the power and authority of Aronov to modify, alter or waive any provisions of any policy or endorsement issued by Aronov or by State Auto, except by a written instrument which Aronov is authorized to issue.

   B. Sign the name of State Auto or bind it in any manner unless so authorized by State Auto in writing.

3

17. Attached to and made a part of the Agency Agreement between State Auto and Aronov Insurance, Inc. was a Schedule of Agent Authority, by which State Auto authorized Aronov Insurance, Inc. to solicit, write and bind State Auto to the following described lines of insurance:

> ALL LINES OF PROPERTY CASUALTY INSURANCE FOR WHICH THE COMPANY IS LICENSED.

18. The "Company" referred to in the Schedule of Agent Authority and throughout the Agency Agreement is State Auto Insurance Companies, which includes plaintiff State Automobile Mutual Insurance Company.

19. Among the lines of property casualty insurance for which State Auto was licensed by the State of Alabama during 2004 and 2005 were the Business Auto Policy and the Series I Contractor's Policy (General Liability) attached to the Complaint of plaintiff State Auto for Declaratory Judgment.

20. By virtue of the terms, provisions and conditions of the Agency Agreement between plaintiff State Auto and Aronov Insurance, Inc., and controlling applicable law, Aronov Insurance was appointed and authorized by State Auto to act on its behalf and to bind it in the issuance of certificates of insurance to persons and entities so directed by named insured persons and entities under the above referenced Business Auto Policy and the Series I Contractor's Policy (General Liability).

21. On June 8, 2004, Aronov Insurance, Inc. issued a Certificate of Insurance naming Wiregrass Construction Co., Inc. as an Additional Insured under the General Liability and Auto Liability policies issued by State Auto to David Bulger, Inc., being the same insurance policies attached as Exhibits 2 and 3 to the Complaint for Declaratory Judgment in the above styled action. Wiregrass was shown as the Certificate Holder on said Certificate of Insurance. A true

and exact copy of said Certificate of Insurance is attached hereto as Wiregrass Exhibit C and is incorporated herein by reference.

22. On December 16, 2004, Aronov Insurance, Inc. issued a second Certificate of Insurance naming Wiregrass Construction Co., Inc. as an Additional Insured under the General Liability and Auto Liability policies issued by State Auto to David Bulger, Inc., being the same insurance policies attached as Exhibits 2 and 3 to the Complaint for Declaratory Judgment in the above styled action. Wiregrass was shown as the Certificate Holder on said Certificate of Insurance. A true and exact copy of said Certificate of Insurance is attached hereto as Wiregrass Exhibit A and is incorporated herein by reference.

23. The certificates of insurance attached as Wiregrass Exhibits C and A were intended by Aronov Insurance, Inc. to be presented to Wiregrass to confirm that Wiregrass had been named an Additional Insured by endorsement to the General Liability and Auto Liability policies issued by State Auto to David Bulger, Inc., as specifically represented in each Certificate of Insurance.

24. Wiregrass received and accepted the certificates of insurance attached as Wiregrass Exhibits C and A as evidence and proof of the compliance by David Bulger, Inc. of its contractual obligation to name Wiregrass as an Additional Insured under Bulger's General Liability and Auto Liability insurance policies, as stated in subcontracts entered into between Wiregrass and Bulger, and specifically as regards Wiregrass Exhibit A, that subcontract dated October 15, 2004, between Wiregrass and Bulger, a true and exact copy of which appears as Exhibit B to the Complaint for Declaratory Judgment in the above styled action.

25. The issuance by Aronov Insurance, Inc. of the above described certificates of insurance was part of the usual and customary services of an insurance agent on insurance contracts placed by the Agent with State Auto.

26. The issuance by Aronov Insurance, Inc. of the above described certificates of insurance was part of the obligations of an insurance agent as commonly agreed within the insurance industry including, but not limited to, providing proper service to policyholders.

27. Because of the foregoing actions and events described paragraphs 14 through 26, above, Wiregrass took no other action to compel David Bulger, Inc., to comply with the requirements for insurance set forth in the subcontract between Wiregrass and Bulger, Exhibit B to the Complaint for Declaratory Judgment.

COUNT ONE – REFORMATION

28. Paragraphs 14 through 27 above are incorporated herein by reference.

29. In this action, plaintiff State Auto contends that defendant Wiregrass Construction Co., Inc. is not an Additional Insured under the Business Auto and General Liability insurance policies issued to David Bulger, Inc., Exhibits 2 and 3 to the Complaint for Declaratory Judgment.

30. Because of the actions and events described in paragraphs 14 through 27 above, it would be inequitable for State Auto to succeed in its contention that Wiregrass is not an Additional Insured, such result necessarily being the product of misrepresentation by State Auto's agent, Aronov Insurance, Inc., to which defendant Wiregrass relied to its detriment. As a result, Wiregrass is entitled to the remedy of reformation of the subject insurance policies, so as to name it an additional insured by endorsement thereunder, as represented to it by State Auto through its agent.

The foregoing considered, Defendant Wiregrass Construction Co., Inc., requests the Court to reform the above referenced Business Auto Policy and the Series I Contractor's Policy (General Liability), copies of which are attached to the Complaint of Plaintiff State Auto for

Declaratory Judgment, so as to name Wiregrass as an Additional Insured by endorsement under the terms of said insurance policies.

Defendant/Counterclaimant Wiregrass Construction Co., Inc. also prays for such other, further and/or different relief to which it may be or become entitled, together with costs of this action.

/s/ Jack Owen
JACK OWEN

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR.
Attorneys for Defendant
Wiregrass Construction Co., Inc.

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email: ccowen@ball-ball.com
       wsheehan@ball-ball.com

## CERTIFICATE OF SERVICE

      I hereby certify that on April 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christopher J. Zulanas
Michael J. Douglas
Freidman, Leak, Dazzio, Zulanas & Bowling, P.C.
3800 Colonnade Parkway
Suite 650
Birmingham, AL 35243
Email: czulanas@friedmanleak.com
        mdouglas@friedmanleak.com

Carol Ann Smith
Susan Rogers
Smith & Ely, L.L.P.
Suite 405
2000A SouthBridge Parkway
Birmingham, AL 35209
Email: casmith@smith-ely.com
        srogers@smith-ely.com

                                      /s/ Jack Owen
                                      OF COUNSEL

**EXHIBIT A**

# ACORD CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY): 12/16/2004

**PRODUCER** (334)277-1000   FAX (334)277-2498
Aronov Insurance Inc.
PO Box 235000
Montgomery, AL 36123-5000
CISR, Mark Keltz

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**INSURED**
David Bulger, Inc.
3904 Birmingham Hwy
Montgomery, AL 36108

**INSURERS AFFORDING COVERAGE** | **NAIC #**
INSURER A: State Auto Insurance Co.
INSURER B: AL Home Builders SIF
INSURER C:
INSURER D:
INSURER E:

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | | GENERAL LIABILITY — X COMMERCIAL GENERAL LIABILITY — CLAIMS MADE  X OCCUR | SOC2141652 02 | 10/19/2004 | 10/19/2005 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $100,000 |
| | | | | | | MED EXP (Any one person) | $5,000 |
| | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: POLICY / PROJECT / LOC | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| A | | AUTOMOBILE LIABILITY  X ANY AUTO   ALL OWNED AUTOS   SCHEDULED AUTOS  X HIRED AUTOS  X NON-OWNED AUTOS | BAP2095834 | 10/19/2004 | 10/19/2005 | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | GARAGE LIABILITY   ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN AUTO ONLY: EA ACC / AGG | $ / $ |
| A | | EXCESS/UMBRELLA LIABILITY  X OCCUR   CLAIMS MADE   DEDUCTIBLE   RETENTION $ | SOC2141652 02 | 10/19/2004 | 10/19/2005 | EACH OCCURRENCE | $3,000,000 |
| | | | | | | AGGREGATE | $3,000,000 |
| | | | | | | | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| B | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY  ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? If yes, describe under SPECIAL PROVISIONS below | 09939-00 | 01/01/2005 | 01/01/2006 | X WC STATUTORY LIMITS / OTHER | |
| | | | | | | E.L. EACH ACCIDENT | $1,000,000 |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $1,000,000 |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $1,000,000 |
| | | OTHER | | | | | |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS**
Wiregrass Construction Co., Inc. is named as an Additional Insured as their interest may appear on the Genearal Liability and Auto Liability policies.

**CERTIFICATE HOLDER**
Wiregrass Construction Company, Inc.
P.O. Box 48
Ariton, AL 36311

**CANCELLATION**
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL __30__ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.

**AUTHORIZED REPRESENTATIVE**
Mark Keltz, CISR/MLK

ACORD 25 (2001/08)                                           ©ACORD CORPORATION 1988

# IMPORTANT

If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

# DISCLAIMER

The Certificate of Insurance on the reverse side of this form does not constitute a contract between the issuing insurer(s), authorized representative or producer, and the certificate holder, nor does it affirmatively or negatively amend, extend or alter the coverage afforded by the policies listed thereon.

| ACORD | CERTIFICATE OF LIABILITY INSURANCE | | DATE (MM/DD/YYYY) 06/08/2004 |
|---|---|---|---|

| PRODUCER (334)277-1000        FAX (334)277-2498 | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |
|---|---|

Aronov Insurance Inc.
PO Box 235000
Montgomery, AL 36123-5000
CISR, Mark Keltz

EXHIBIT WIREGRASS C

INSURED David Bulger, Inc.
3904 Birmingham Highway
Montgomery, AL 36108

| INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A: State Auto Insurance Co. | |
| INSURER B: AL Home Builders SIF | |
| INSURER C: | |
| INSURER D: | |
| INSURER E: | |

**COVERAGES**

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | | **GENERAL LIABILITY** [X] COMMERCIAL GENERAL LIABILITY [ ] CLAIMS MADE [X] OCCUR | SOC2141652 01 | 10/19/2003 | 10/19/2004 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurence) | $100,000 |
| | | | | | | MED EXP (Any one person) | $5,000 |
| | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: [X] POLICY [ ] PROJECT [ ] LOC | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| A | | **AUTOMOBILE LIABILITY** [X] ANY AUTO [ ] ALL OWNED AUTOS [ ] SCHEDULED AUTOS [X] HIRED AUTOS [X] NON-OWNED AUTOS | BAP2095834 | 10/19/2003 | 10/19/2004 | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY** [ ] ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN AUTO ONLY:  EA ACC | $ |
| | | | | | | AGG | $ |
| A | | **EXCESS/UMBRELLA LIABILITY** [X] OCCUR [ ] CLAIMS MADE [ ] DEDUCTIBLE [ ] RETENTION $ | SOC2141652 01 | 10/19/2003 | 10/19/2004 | EACH OCCURRENCE | $3,000,000 |
| | | | | | | AGGREGATE | $3,000,000 |
| B | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? If yes, describe under SPECIAL PROVISIONS below | 09939-00 | 01/01/2004 | 01/01/2005 | [X] WC STATUTORY LIMITS  [ ] OTHER | |
| | | | | | | E.L. EACH ACCIDENT | $1,000,000 |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $1,000,000 |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $1,000,000 |
| | | **OTHER** | | | | | |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS**
Wiregrass Construction Co., Inc. is named as an Additional Insured as their interest may appear on the Genearal Liability and Auto Liability policies.

RECEIVED JUN -9

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Wiregrass Construction Company, Inc. P.O. Box 48 Ariton, AL 36311 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL **30** DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. AUTHORIZED REPRESENTATIVE Mark Keltz, CISR/MLK |

ACORD 25 (2001/08) &copy;ACORD CORPORATION 1988

## IMPORTANT

If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

## DISCLAIMER

The Certificate of Insurance on the reverse side of this form does not constitute a contract between the issuing insurer(s), authorized representative or producer, and the certificate holder, nor does it affirmatively or negatively amend, extend or alter the coverage afforded by the policies listed thereon.

ACORD 25 (2001/08)