IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(EASTERN DIVISION)

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>WIREGRASS CONSTRUCTION CO., INC.,)<br>and THE TRAVELERS INDEMNITY CO., )<br>)<br>Defendants.  ) | CIVIL ACTION CASE NUMBER:<br>**3:06-CV-00078-MHT** |

## PLAINTIFF'S MOTION TO QUASH SUBPOENA

COMES NOW the Plaintiff in the above-styled action, **State Automobile Mutual Insurance Company**, and moves this Honorable Court to quash the subpoena filed by Wiregrass Construction Company, Inc. and issued to Aronov Insurance, Inc. As grounds for this motion, Plaintiff sets forth and says as follows:

1.  In the present action, Plaintiff seeks a declaration of its rights and obligations under insurance policies issued to David Bulger, Inc. for the underlying lawsuit styled *Jessica Hatton as dependent widow and Administratrix of the Estate of Jackson Irving Hatton, Jr. vs. David Bulger, Inc., et al.*, bearing Civil Action Number CV05-119 filed and pending in the Circuit Court of Macon County, Alabama. The incident made the basis of the underlying lawsuit occurred on May 9, 2005. The policies issued to David Bulger, Inc. in question in this action are a Business Auto Policy with effective dates of October 19, 2004 through October 19, 2005 bearing policy number BAP 2095834 and a Series I Contractor's Policy with

effective dates of October 19, 2004 through October 19, 2005 bearing policy number SOC 2141652.

2. Certified copies of the policies in question were attached as exhibits to Plaintiff's Complaint, as amended. Additionally, following the Court's recent hearing on Defendant Wiregrass Construction Company, Inc.'s Motion for More Definite Statement, the Defendants were provided with a copy of an "agency agreement" between Plaintiff and David Bulger, Inc.'s agent, Aronov Insurance, Inc. Despite the production of the relevant policies and the agency agreement, Wiregrass Construction Company, Inc. has now requested that Aronov Insurance, Inc., a non-party to this action, produce a wealth of information irrelevant to this action, which is not reasonably limited in time and scope and seeks production of documents and things which are confidential and proprietary in nature. Specifically, Wiregrass Construction Company, Inc. requests:

> (1) All contracts and agreements defining, describing and/or concerning the appointment of Aronov Insurance, Inc. as agent for the State Auto companies (hereinafter, "State Auto") including, but not limited to State Automobile Mutual Insurance Company, effective during the period of January 1, 2004 through December 31, 2005, or any portion thereof.
>
> (2) All underwriting rules and regulations provided to Aronov Insurance, Inc. by or on behalf of State Auto addressing, governing and/or controlling the performance by Aronov Insurance, Inc. of its duties and responsibilities as agent of State Auto, effective during the period from January 1, 2004 through December 31, 2005, or any portion thereof.
>
> (3) All correspondence, bulletins, directives, and documents of similar nature however described, addressing, governing and/or controlling the performance by Aronov Insurance, Inc. of its

duties and responsibilities as agent of State Auto, effective during the period from January 1, 2004 through December 31, 2005, or any portion thereof.

(4) To the extent not produced in response to any of the foregoing numbered items, all correspondence, communications and recorded information provided to Aronov Insurance, Inc. pertaining to the issuance of certificates of insurance and/or endorsements related to policies of insurance issued by State Auto, effective during the period from January 1, 2004 through December 31, 2005, or any portion thereof.

(5) All insurance policies, certificates of insurance and correspondence, communications and endorsements pertaining to policies of insurance issued to David Bulger, Inc.

3. Federal Rule of Civil Procedure 45(c)(1) requires "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Further, Federal Rule of Civil Procedure 45(c)(3)(A) requires on timely motion:

> The Court by which a subpoena was issued shall quash or modify the subpoena if it ...
>
> (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
>
> (iv) subjects a person to undue burden.

Federal Rule of Civil Procedure 45(c)(1)(B) states that if a subpoena:

> (i) Requires disclosure of a trade secret or other confidential research, development, or commercial information ...
>
> the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue

3

hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

4. Wiregrass Construction Company, Inc.'s subpoena should be quashed in that it seeks documents irrelevant to the claims in the present action from time periods outside of those relevant to this action which are Plaintiff's privileged, confidential commercial information. Further, Wiregrass Construction Company, Inc. seeks documents within Aronov Insurance, Inc.'s possession which relate to State Auto companies not even parties to this case and on policies issued by any State Auto company to any insured. Clearly, such requests are overly broad, place an undue burden on Aronov Insurance, Inc., have no relevance here and seek disclosure of privileged and confidential information not only of the Plaintiff, but its present and former insureds who have nothing to do with this matter. Lastly, Wiregrass Construction Company, Inc. has no need for any of the documents it requests since certified copies of the policies in question and the agency agreement between the Plaintiff and Aronov Insurance, Inc., which sets out the rights, duties and obligations of both, were already provided.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Honorable Court enter an Order quashing the subpoena filed by Wiregrass Construction Company, Inc. and issued to Aronov Insurance, Inc.

Respectfully submitted,

_____
Christopher J. Zulanas
Email: czulanas@friedmanleak.com

Michael J. Douglas
Email: mdouglas@friedmanleak.com

Attorneys for Plaintiff
State Automobile Mutual Insurance Company

**FRIEDMAN LEAK DAZZIO ZULANAS & BOWLING, P.C.**
3800 Colonnade Parkway, Suite 650
Birmingham, AL 35243
Telephone: (205) 278-7000
Facsimile: (205) 278-7001

**CERTIFICATE OF SERVICE**

I hereby certify I have caused a copy of the foregoing pleading to be served on counsel for all parties this 12th day of April 2006.

_____
OF COUNSEL

cc:
Clyde C. (Jack) Owen Jr.                    *Email: ccowen@ball-ball.com*
C. Winston Sheehan, Jr.                     *Email: wsheehan@ball-ball.com*
**BALL, BALL, MATTHEWS & NOVAK, P.A.**
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Carol Ann Smith                              *Email: casmith@smith-ely.com*
Susan Rogers                                 *Email: srogers@smith-ely.com*
**SMITH & ELY, LLP**
2000A SouthBridge Parkway, Suite 405
Birmingham, AL 35209

5