IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 3:06-cv-0078-MHT ) |
| WIREGRASS CONSTRUCTION CO., INC., And ST. PAUL TRAVELERS, | ) ) ) |
| Defendants. | ) ) |

**RESPONSE OF DEFENDANT WIREGRASS CONSTRUCTION CO., INC.
IN OPPOSITION TO PLAINTIFF'S MOTION TO QUASH SUBPOENA**

Defendant Wiregrass Construction Co., Inc., (hereinafter "Wiregrass"), responds as follows in opposition to the Motion to Quash Subpoena (Doc. 28) filed by plaintiff State Automobile Mutual Insurance Company (hereinafter "State Auto"):

1. Pursuant to the Order of the Court (Doc. 21), State Auto filed its Second Amended Complaint for Declaratory Judgment (Doc. 23), in which it identified Aronov Insurance Co., Inc. ("Aronov") as an independent insurance agency, which served as [named insured] David Bulger, Inc.'s agent for purposes of procuring the insurance policies made the basis of this action. See ¶ 7 of Second Amended Complaint (Doc. 23).

2. As agreed during the hearing on Wiregrass' Motion for More Definite Statement (Doc. 6), State Auto produced a copy of an Agency Agreement between the "State Auto Companies" (which includes, but is not limited to plaintiff State Auto) and Aronov. A copy of the Agency Agreement is attached hereto as Wiregrass Exhibit D.

3. The Agency Agreement provides:

State Auto Companies appointed Aronov its agent to sell insurance on behalf of State Auto, and authorized and empowered Aronov to do the following:

   A. Solicit, receive and transfer to State Auto proposals for insurance contracts.

   B. Bind and execute insurance contracts, except as expressly provided by State Auto.

   C. Provide all usual and customary services of an insurance agent on all insurance contracts placed by the Agent with State Auto.

The Agency Agreement further imposed Duties upon Aronov, as agent for State Auto, including the following:

   A. Forward to State Auto copies of all applications, binders, policies, certificates and endorsements issued by the Agent, or otherwise notify State Auto of all liability accepted, within four business days of Aronov's acceptance of coverage.

   B. Fulfill the obligations of an insurance agent as commonly agreed within the insurance industry including, but not limited to, providing proper service to policyholders.

The Agency Agreement also imposed Other Conditions upon Aronov, including the following:

   A. Restricting the power and authority of Aronov to modify, alter or waive any provisions of any policy or endorsement issued by Aronov or by State Auto, except by a written instrument which Aronov is authorized to issue.

   B. Sign the name of State Auto or bind it in any manner unless so authorized by State Auto in writing.

4. The Agency Agreement's Schedule of Agent Authority authorized Aronov to solicit, write and bind State Auto to the following described lines of insurance:

ALL LINES OF PROPERTY CASUALTY INSURANCE FOR WHICH THE COMPANY IS LICENSED.

5.   As stated in its Counterclaim (Doc. 27, ¶ 20), Wiregrass contends that the terms, provisions and conditions of the Agency Agreement between plaintiff State Auto and Aronov operated to appoint and authorize Aronov to act on behalf of State Auto and to bind it in the issuance of certificates of insurance to persons and entities so directed by named insured persons and entities under the subject Business Auto Policy and the Series I Contractor's Policy (General Liability).

6.   On June 8, 2004, Aronov issued a Certificate of Insurance naming Wiregrass as an Additional Insured by endorsement under the General Liability and Auto Liability policies issued by State Auto to David Bulger, Inc., being the same insurance policies at issue in this action. (Doc. 27, Wiregrass Exhibit C).

7.   Six months later, on December 16, 2004, Aronov issued a second Certificate of Insurance naming Wiregrass as an Additional Insured by endorsement under the General Liability and Auto Liability policies issued by State Auto to David Bulger, Inc., at issue in this action. (Doc. 27, Wiregrass Exhibit A).

8.   In its Counterclaim, Wiregrass further contends that the issuance by Aronov of the above described certificates of insurance was part of the usual and customary services of an insurance agent on insurance contracts placed by the Agent with State Auto and was part of the obligations of an insurance agent as commonly agreed within the insurance industry including, but not limited to, providing proper service to policyholders (Doc. 27, ¶¶ 25 and 26).

9.   Plaintiff State Auto contends that the certificates of insurance issued by Aronov to Wiregrass, adding Wiregrass as an additional insured by endorsement to the State Auto policies issued to David Bulger, Inc., are ineffective, and do not bind State Auto. Defendant Wiregrass contends the opposite.

10. The above described issues and the terms of the Agency Agreement between State Auto and Aronov render directly relevant, and subject to discovery, the substance of the documents and things sought by Wiregrass from Aronov by way of the subpoena to which State Auto objects. In particular, the documents and things sought relate to the following, non-inclusive matters:

A. The extent, if at all, to which State Auto restricted the authority granted to Aronov by the Agency Agreement, by way of underwriting rules and regulations, to which reference is specifically made in the Agency Agreement;

B. The extent, if at all, to which State Auto restricted the authority granted to Aronov by the Agency Agreement, by way of correspondence, bulletins, directives, and documents of similar nature addressing, governing and/or controlling the performance by Aronov of its duties and responsibilities as agent of State Auto;

C. The extent to which Aronov provided, or failed to provide, the usual and customary services of an insurance agent on all insurance contracts placed by the Agent with State Auto, and complied, or failed to comply, with the obligations of an insurance agent as commonly agreed within the insurance industry including, but not limited to, providing proper service to policyholders, as required by the terms of the Agency Agreement; and

D. The extent to which Aronov fulfilled, or failed to fulfill, its obligation to forward to State Auto copies of all applications, binders, policies, certificates and endorsements issued by the Agent, or otherwise notify State Auto of all liability accepted, within four business days of Aronov's acceptance of coverage. This last matter is reasonably calculated to lead to the discovery of evidence relevant to whether, by a course of business practice, State Auto has ratified the acts of its agent, Aronov, in circumstances in which Aronov failed to forward copies

of documents by which it bound State Auto to insurance coverage obligations, but State Auto failed to object.

11. With respect to State Auto's now-expressed concern regarding the disclosure of privileged and confidential information (Doc. 28, ¶ 4), Wiregrass has always been willing to agree to reasonable restrictions on the external disclosure of such. In fact, Wiregrass specifically notified not only Aronov Insurance, Inc. but also counsel for State Auto, of its willingness to provide such protections by agreement, when it notified Aronov and State Auto of the issuance of the subject subpoena. See the letter of April 5, 2006, from Wiregrass' counsel to Aronov Insurance, Inc., a copy of which is attached hereto as Wiregrass Exhibit E. Other than the filing of the subject Motion to Quash Subpoena, Wiregrass has not been favored with a reply to this offer.

FOR THE FOREGOING REASONS, defendant Wiregrass Construction Co., Inc. urges the Court to deny the Motion to Quash Subpoena filed by plaintiff State Automobile Mutual Insurance Company, and to order compliance with the subpoena, in full forthwith.

  /s/ Jack Owen
JACK OWEN

  /s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR.
Attorneys for Defendant
Wiregrass Construction Co., Inc.

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email: ccowen@ball-ball.com
      wsheehan@ball-ball.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Christopher J. Zulanas
Michael J. Douglas
Freidman, Leak, Dazzio, Zulanas & Bowling, P.C.
3800 Colonnade Parkway
Suite 650
Birmingham, AL 35243
Email: czulanas@friedmanleak.com
           mdouglas@friedmanleak.com

Carol Ann Smith
Susan Rogers
Smith & Ely, L.L.P.
Suite 405
2000A SouthBridge Parkway
Birmingham, AL 35209
Email: casmith@smith-ely.com
           srogers@smith-ely.com

                                      /s/ Jack Owen
                                      OF COUNSEL