IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
**(EASTERN DIVISION)**

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WIREGRASS CONSTRUCTION CO., INC., )<br>and THE TRAVELERS INDEMNITY CO., )<br>)<br>Defendants. ) | CIVIL ACTION CASE NUMBER:<br>**3:06-CV-00078-MHT** |

## STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S ANSWER TO COUNTERCLAIM

COMES NOW, Plaintiff **State Automobile Mutual Insurance Company ("State Auto")**, and for answer to Defendant/Counter-Plaintiff Wiregrass Construction Company, Inc.'s Counterclaim, sets forth and says as follows:

### FIRST DEFENSE

Plaintiff is not guilty of the allegations of wrongdoing set forth in the Counterclaim on behalf of Wiregrass Construction Company, Inc.

### SECOND DEFENSE

That the counterclaim fails to state a cause of action upon which relief may be granted.

### THIRD DEFENSE

That the allegations of Wiregrass Construction Company, Inc. are not true and no justiciable controversy exists.

## FOURTH DEFENSE

That Wiregrass Construction Company, Inc. pleads the general issue.

## FIFTH DEFENSE

That State Automobile Mutual Insurance Company denies that Wiregrass Construction Company, Inc. has been damaged or injured to the extent claimed in the counterclaim and demands strict proof thereof

## SIXTH DEFENSE

That although State Automobile Mutual Insurance Company reserves its rights to amend its answer to assert any further defenses, affirmative or otherwise, pursuant to the Federal Rules of Civil Procedure, State Automobile Mutual Insurance Company asserts the following affirmative defenses as required by Rule 8, §(e), Federal Rules of Civil Procedure, as follows: laches, estoppel, waiver, and payment.

## SEVENTH DEFENSE

That State Automobile Mutual Insurance Company denies each and every material allegation of Wiregrass Construction Company, Inc.'s complaint and demands strict proof thereof.

## EIGHTH DEFENSE

That Counterclaimant is not entitled to a reformation under Alabama law as requested in its counterclaim.

NOW, THEREFORE, having answered the Counterclaim setting forth general and affirmative defenses, State Automobile Mutual Insurance Company sets forth the following response to each individually numbered count and paragraph contained in the complaint as follows:

14. State Auto admits an "agency agreement" effective January 1, 2002 between it and Aronov Insurance, Inc. exists and that the material terms of the agreement are limited to those contained within the agreement itself. Any other material allegations contained within this paragraph are denied and strict proof thereof is demanded.

15. State Auto admits an "agency agreement" effective January 1, 2002 between it and Aronov Insurance, Inc. exists and that the material terms of the agreement are limited to those contained within the agreement itself. Any other material allegations contained within this paragraph are denied and strict proof thereof is demanded.

16. State Auto admits an "agency agreement" effective January 1, 2002 between it and Aronov Insurance, Inc. exists and that the material terms of the agreement are limited to those contained within the agreement itself. Any other material allegations contained within this paragraph are denied and strict proof thereof is demanded.

17. State Auto admits an "agency agreement" effective January 1, 2002 between it and Aronov Insurance, Inc. exists and that the material terms of the agreement are limited to those contained within the agreement itself. Any other material allegations contained within this paragraph are denied and strict proof thereof is demanded.

18. State Auto admits an "agency agreement" effective January 1, 2002 between it and Aronov Insurance, Inc. exists and that the material terms of the agreement are limited to those contained within the agreement itself. Any other material allegations contained within this paragraph are denied and strict proof thereof is demanded.

19. Admitted.

20. State Auto admits an "agency agreement" effective January 1, 2002 between it and Aronov Insurance, Inc. exists and that the material terms of the agreement are limited to those contained within the agreement itself. Any other material allegations contained within this paragraph are denied and strict proof thereof is demanded.

21. State Auto admits an "agency agreement" effective January 1, 2002 between it and Aronov Insurance, Inc. exists and that the material terms of the agreement are limited to those contained within the agreement itself. As to any other material allegations contained in this paragraph, State Auto is without sufficient information to admit or deny them and therefore denies and demands strict proof thereof.

22. State Auto admits an "agency agreement" effective January 1, 2002 between it and Aronov Insurance, Inc. exists and that the material terms of the agreement are limited to those contained within the agreement itself. As to any other material allegations contained in this paragraph, State Auto is without sufficient information to admit or deny them and therefore denies and demands strict proof thereof.

23. State Auto admits an "agency agreement" effective January 1, 2002 between it and Aronov Insurance, Inc. exists and that the material terms of the agreement are limited to those contained within the agreement itself. As to any other material allegations contained in this paragraph, State Auto is without sufficient information to admit or deny them and therefore denies and demands strict proof thereof.

24. State Auto admits an "agency agreement" effective January 1, 2002 between it and Aronov Insurance, Inc. exists and that the material terms of the agreement are limited to those contained within the agreement itself. As to any other material allegations contained in this paragraph, State Auto is without sufficient information to admit or deny them and therefore denies and demands strict proof thereof.

25.  State Auto admits an "agency agreement" effective January 1, 2002 between it and Aronov Insurance, Inc. exists and that the material terms of the agreement are limited to those contained within the agreement itself. As to any other material allegations contained in this paragraph, State Auto is without sufficient information to admit or deny them and therefore denies and demands strict proof thereof.

26.  State Auto admits an "agency agreement" effective January 1, 2002 between it and Aronov Insurance, Inc. exists and that the material terms of the agreement are limited to those contained within the agreement itself. As to any other material allegations contained in this paragraph, State Auto is without sufficient information to admit or deny them and therefore denies and demands strict proof thereof.

27.  State Auto admits an "agency agreement" effective January 1, 2002 between it and Aronov Insurance, Inc. exists and that the material terms of the agreement are limited to those contained within the agreement itself. As to any other material allegations contained in this paragraph, State Auto is without sufficient information to admit or deny them and therefore denies and demands strict proof thereof.

## COUNT I

### Reformation

28.  State Auto adopts and incorporates by reference its responses to Paragraphs 14-27 as if fully set forth herein.

29.  State Auto admits it seeks a declaration of the parties' rights and obligations in this action. As to any other material allegations contained in this paragraph, State Auto is without sufficient information to admit or deny them and therefore denies and demands strict proof thereof.

30.  Denied.

Respectfully submitted,

_____
Christopher J. Zulanas
Email: czulanas@friedmanleak.com

Michael J. Douglas
Email: mdouglas@friedmanleak.com

Attorneys for Plaintiff
State Automobile Mutual Insurance Company

**FRIEDMAN LEAK DAZZIO
ZULANAS & BOWLING, P.C.**
3800 Colonnade Parkway, Suite 650
Birmingham, AL 35243
Telephone: (205) 278-7000
Facsimile: (205) 278-7001

## CERTIFICATE OF SERVICE

I hereby certify I have caused a copy of the foregoing pleading to be served on counsel for all parties this 17th day of April 2006.

_____
OF COUNSEL

cc:
Clyde C. (Jack) Owen Jr.                    *Email: ccowen@ball-ball.com*
C. Winston Sheehan, Jr.                     *Email: wsheehan@ball-ball.com*
**BALL, BALL, MATTHEWS & NOVAK, P.A.**
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109


Carol Ann Smith                             *Email: casmith@smith-ely.com*
Susan Rogers                                *Email: srogers@smith-ely.com*
**SMITH & ELY, LLP**
2000A SouthBridge Parkway, Suite 405
Birmingham, AL 35209

1.6