## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 3:06-cv-0078-MHT ) WO |
| WIREGRASS CONSTRUCTION CO., INC., And ST. PAUL TRAVELERS, | ) ) ) |
| Defendants. | ) |

### ORDER ON MOTION AND PROTECTIVE ORDER

Upon consideration of plaintiff State Automobile Mutual Insurance Company's (State Auto's) Motion to Quash Subpoena (Doc. # 28) relating to the subpoena of defendant Wiregrass Construction Co., Inc. (Wiregrass) for documents in the possession of Aronov Insurance Co., Inc. (Aranov), a non-party, and for good cause, it is

ORDERED that the motion to quashed is DENIED.  However, the court believes that protections against external disclosure of any confidential materials within the documents sought by subpoena from Aronov are in order, and Wiregrass' response to State Auto's Motion to Quash Subpoena (Doc. #29) indicates that it agrees to such protections.  Accordingly, it is further

ORDERED that the documents and things produced by Aronov shall be subject to the following restrictions and protections:

1. Plaintiff State Auto and/or Aronov Insurance Co., Inc. shall identify to the defendants any documents or things produced by Aronov in response to the said subpoena that they, or either of them, contend are confidential, privileged or otherwise of such a nature that they should be subject to the terms of this Protective Order ("Protected Material"). As to all Protected Material, no party, nor counsel for any party, nor their agents, employees and contractees, shall use any information obtained by way of the documents and things produced by Aronov Insurance Co., Inc. in this action for any purpose not directly related to the pursuit of the plaintiff's claims or the defendants' defenses in this action and (if any) any subsequent civil actions related to the issues of insurance coverage raised in this action.

2. No party, nor counsel for any party, nor their agents, employees and contractees, shall disclose, verbally or by way of copy or paraphrase, any Protected Material, or the substance thereof, to any person not directly involved in the pursuit of the plaintiff's claims in this action or the defendants' defenses in this action and (if any) any subsequent civil actions related to the issues of insurance coverage raised in this action.

3. Protected Material shall not be attached to any pleadings, deposition transcripts or other documents filed with or tendered to the Court, or separately filed with or tendered to the Court, for any purpose, except under seal. Such documents shall not be unsealed except by the Court for purposes of addressing matters pertinent to this action, following which they shall again be placed under seal, and shall not again be subject to examination or disclosure to any other parties or entities, except upon Order of the Court after notice to the parties and a hearing on any objections to such disclosure or examination have been resolved.

4. Except as provided herein, at the conclusion of the last of the above styled action and (if any) any subsequent civil actions related to the issues of insurance coverage raised in this

action, counsel for the defendants shall deliver to counsel for the plaintiff all Protected Material received from Aronov Insurance, Inc. by way of the subject subpoena or, alternatively, shall certify that all such documents have been destroyed.

      5.    Any party may request, and the plaintiff may consent, that any of the provisions of the Protective Order be waived, and/or that any Protected Material be exempted from the provisions, or any of them, of the Protective Order.

      6.    Nothing in this Protective Order shall be construed to preclude any party or interested person from seeking additional protection of the Protected Material and information subject to the Protective Order, or from seeking a modification of its terms, either with regard to specific items or in general.

      DONE, this 12th day of May, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE