# Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(EASTERN DIVISION)

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>WIREGRASS CONSTRUCTION CO., INC., ST. PAUL TRAVELERS, and THE TRAVELERS INDEMNITY COMPANY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION CASE NUMBER:<br>)    **3:06-CV-00078-MHT**<br>)<br>)<br>)<br>)<br>) |

### SECOND AMENDED
### COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, **State Automobile Mutual Insurance Company ("State Auto")**, and seeks a declaration of its rights and obligations under policies of insurance issued to David Bulger, Inc. pursuant to 28 U.S.C. §2201, Federal Rule of Civil Procedure 57 and *Alabama Code* §6-6-220 (1975), *et. seq.*, as well as applicable principles of common law.

### I. Parties, Jurisdiction and Venue

1.    This cause arises out of a civil action styled *Jessica Hatton as dependent widow and Administratrix of the Estate of Jackson Irving Hatton, Jr. vs. David Bulger, Inc., et al.*, bearing Civil Action Number CV05-119 filed and pending in the Circuit Court of Macon County, Alabama. (Hereinafter referred to as "the underlying lawsuit", a copy of which, as amended, is attached hereto as Exhibit 1). The damages allegedly at issue in the underlying lawsuit exceed the minimum jurisdictional limits of this Court being Seventy-Five Thousand Dollars ($75,000.00).

2.    State Auto is a foreign corporation with its principal place of business located in Ohio and it is licensed to conduct business in the State of Alabama.

3.    Upon information and belief, Wiregrass Construction Company, Inc. is an Alabama corporation with its principal place of business located in Ariton, Alabama.

4.    Upon information and belief, St. Paul Travelers is a foreign corporation with its principal place of business located in Minnesota and is licensed to conduct business in the State of Alabama.

5.    Upon information and belief, The Travelers Indemnity Company, as it identified itself in its Answer to the Plaintiff's Complaint for Declaratory Judgment, is a foreign corporation with its principal place of business located in Minnesota and is licensed to conduct business in the State of Alabama.

6.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §2201, Federal Rule of Civil Procedure 57 and *Alabama Code* §6-6-220 (1975) *et. seq.* and other applicable law as Wiregrass Construction Company, Inc., by and through St. Paul Travelers and/or The Travelers Indemnity Company, has notified State Auto of the underlying lawsuit, demanded a defense and indemnity and an actual controversy exists as to whether State Auto owes a defense and/or indemnity such that a declaration of State Auto's rights and obligations by this Court is necessary.

## II. Factual Background

7.    State Auto issued a business auto policy to David Bulger, Inc. with effective dates of October 19, 2004 through October 19, 2005 bearing policy number BAP 2095834, and a Series I Contractor's Policy with effective dates of October 19, 2004 through October 19, 2005 bearing policy number SOC 2141652. Upon information and belief, Aronov Insurance, Inc. is an independent insurance agency, served as David Bulger, Inc.'s agent and submitted a proposal for the aforementioned policies to State Auto. True and correct copies of said policies are attached hereto as Exhibits 2 and 3.

8.    The underlying lawsuit arises out of an accident which occurred in Macon County, Alabama on May 9, 2005. According to the allegations in the underlying lawsuit, as amended, the decedent was working at a construction site in Macon County, Alabama when he was run over by a vehicle driven by Edward Bowman on behalf of David Bulger, Inc. At the time, the decedent was allegedly working for Macon County, Alabama and in addition to claims against Mr. Bowman and David Bulger, Inc. for negligence, wantonness, negligent respondeat superior, negligent and/or wanton entrustment and negligent and/or wanton hiring, retention, maintenance and/or training, a claim is made against Macon County, Alabama for workers' compensation benefits. Finally, the Plaintiff in the underlying lawsuit contends Wiregrass Construction Company, Inc. had responsibility for traffic control on the construction project and

2

that it negligently and/or wantonly failed to control traffic within the project area. (Plaintiff's First Amended Complaint).

9.    After it was named as a defendant in the underlying lawsuit via Plaintiff's First Amended Complaint, Wiregrass Construction Company, Inc.'s insurance carrier, St. Paul Travelers and/or The Travelers Indemnity Company, demanded that State Auto defend and indemnify its insured pursuant to a subcontract agreement between David Bulger, Inc. and Wiregrass Construction Company, Inc. Upon information and belief, a true and correct copy of the subcontract is attached hereto as Exhibit 4.

10.    State Auto's policies contain numerous provisions and language which may apply to the underlying lawsuit and Wiregrass Construction Company, Inc.'s demand for defense and indemnity by and through St. Paul Travelers and/or The Travelers Indemnity Company. Certified copies of said policies are attached to this Complaint and State Auto adopts and incorporates the language contained within those policies as if fully set forth herein. Based upon a fair reading of the policies and the underlying lawsuit, State Auto asserts judicable controversies exist as to whether Wiregrass Construction Company, Inc. is an "insured" as that term is defined in the policies, whether the subcontract is an "insured contract" as that term is defined in the policies, whether the "aircraft, auto or watercraft" exclusion and others contained in the policies apply to the allegations in the underlying lawsuit and whether and to what extent the "other insurance" clauses in the policies apply. More specifically, the following provisions among others may apply.

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance. The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.

3

## SECTION I – COVERAGES

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

### 1. Insuring Agreement

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        1.    The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

        2.    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlement under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

\*\*\*

### 2. Exclusions

This insurance does not apply to:

\*\*\*

### b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)    That the insured would have in the absence of the contract or agreement; or

(2)    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

      (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

      (b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

***

### g. Aircraft, Auto or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading and unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

(1) A watercraft while ashore on premises you own or rent;

(2) A watercraft you do not own that is:

      (a)    Less than 26 feet long; and

      (b)    Not being used to carry persons or property for a charge;

5

(3) Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

(4) Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

(5) "Bodily injury" or "property damage" arising out of the operation of any of the equipment listed in Paragraph f.(2) or f.(3) of the definition of "mobile equipment".

*\*\**

## SUPPLEMENTARY PAYMENTS – COVERAGE A AND B

*\*\**

2.  If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

    a.  The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

    b.  This insurance applies to such liability assumed by the insured;

    c.  The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

    d.  The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

    e.  The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

f.    The indemnitee;

    (1) Agrees in writing to:

        (a) Cooperate with us in the investigation, settlement or defense of the "suit";

        (b) Immediately send us copies of any demands, notices, summonses or legal papers, received in connection with the "suit";

        (c) Notify any other insurer whose coverage is available to indemnitee; and

        (d) Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

    (2) Provides us with written authorization to:

        (a) Obtain records and other information related to the "suit"; and
        (b) Conduct and control the defense of the indemnitee in such "suit".

So long as the above conditions are met, attorneys' fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid as Supplementary Payments. Notwithstanding the provisions of Paragraph **2.b.(2)** of Section **I** – Coverage A – Bodily Injury And Property Damage Liability, such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the limits of insurance.

Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses as Supplementary Payments ends when:

    a.    We have used up the applicable limit of insurance in the payment of judgments or settlements; or

    b.    The conditions set forth above, or the terms of the agreement described in Paragraph **f.** above, are no longer met.

## SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as:

   a.   An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

   b.   A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with the respect to the conduct of your business.

   c.   A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

   d.   An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

   e.   A trust, you are an insured. Your trustees are also insureds, but only with respect to their duties as trustees.

2. Each of the following is also an insured:

   a.   Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

      (1)  "Bodily injury" or "personal and advertising injury":

           (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her

8

employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

(b) To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph (1)(a) above;

(c) For which there is any obligation to share damages with or repay someone else must pay damages because of the injury described in Paragraphs (1)(a) or (b) above; or

(d) Arising out of his or her providing or failing to provide professional health care services.

(2) "Property damage" to property:

(a) Owned, occupied or used by,

(b) Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

b.    Any person (other than your "employee' or "volunteer worker"), or any organization while acting as your real estate manager.

c.    Any person or organization having proper temporary custody of your property if you die, but only:

(1) With respect to liability arising out of the maintenance or use of that property; and

(2) Until your legal representative has been appointed.

d.    Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

9

3. With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission. Any other person or organization responsible for the conduct of such person is also an insured, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an insured with respect to:

> a. "Bodily injury" to a co-"employee" of the person driving the equipment; or

> b. "Property damage" to property owned by, rented to, in the charge of or occupied by you or the employer of any person who is an insured under this provision.

4. Any organization you newly acquire or form, other than a partnership, joint venture, or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

> a. Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, which is earlier;

> b. Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

> c. Coverage B does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

***

### 4. Other Insurance

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

10

**a. Primary Insurance**

This insurance is primary except when **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in **c.** below.

**b. Excess Insurance**

This insurance is excess over:

(1) Any of the other insurance, whether primary, excess, contingent or on any other basis:

(a) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

(b) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

(c) That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

(d) If the loss arises out of the maintenance or use of the aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section I – Coverage A – Bodily Injury And Property Damage Liability.

(2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

11

(1) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

(2) The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

### c. Method Of Sharing

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach, each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

\*\*\*

## SECTION V – DEFINITIONS

\*\*\*

2.  "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. But "auto" does not include "mobile equipment".

3.  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

9.  "Insured contract" means:

\*\*\*

12

    **f.**    That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract agreement.

Paragraph f. does not include that part of any contract or agreement:

***

(2) That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

***

    (b) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

***

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

****

**COMMERCIAL GENERAL LIABILITY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU**

This endorsement modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. **Section II – Who Is An Insured** is amended to include as an insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability arising out of your ongoing operations performed for that insured. A person's or organization's status as an insured under this endorsement ends when your operations for that insured are completed.

B. With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

## 2. Exclusions

This insurance does not apply to:

a. "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

    (1) The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and

    (2) Supervisory, inspection, architectural or engineering activities.

\*\*\*

## COMMERCIAL UMBRELLA COVERAGE FORM

\*\*\*

Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we," "us," and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section III – Who Is An Insured, beginning on page 11.

14

Other words and phrases that appear in quotation marks have special meaning. Refer to Section VI – Definitions, beginning on page 17.

**Section I – Insuring Agreements**

In consideration of the payment of premium and in reliance upon representations you made to us during the process of obtaining this insurance and subject to the Limit of Insurance shown in Item 4 of the Declarations, and all the exclusions, terms and conditions of this policy, we agree with you as follows:

**Coverage A. Coverage A. Bodily Injury And Property Damage Liability**

1.    Insuring Agreement

     a.    We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right to associate with the "underlying insurer" and the insured to defend against any "suit" seeking those damages. But:

          (1)    The amount we will pay for "ultimate net loss" is limited as described in Section IV – Limit Of Insurance;

          (2)    At our discretion, we may investigate any "occurrence" and settle any resulting "claim" or "suit";

          (3)    We have a right and duty to defend the insured against any "suits' to which this insurance applies:

               (a)    But which are not covered by any "underlying insurance" shown in the Declarations or by any other primary policies that may apply; or

               (b)    If the applicable limit of "underlying insurance" is exhausted.

However, we will have no duty to defend the insured against any "suits" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply; and

15

(4) Both our right and duty to defend any existing or future "suits" end when we have exhausted the applicable Limit of Insurance in payment of judgments or settlements under Coverages A and B.

No other obligation or liability to pay or perform acts or services is covered unless explicitly provided for under Section II – Defense.

***

2. Exclusions. This insurance does not apply to:

***

b. "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

***

(2) Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract";

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged; and

(c) The indemnitor insured's "underlying insurance" also deems these expenses to be damages.

16

✳✳✳

g.    "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft or watercraft owned or operated by or chartered, rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrong doing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of aircraft, or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

(1)    Watercraft while ashore on premises you own or rent:

(2)    Watercraft you do not own that are:

        (a)    Less than 26 feet long; and

        (b)    Not being used to carry persons or property for a charge; or

✳✳✳

h.    "Bodily injury" or "property damage" arising out of the use of any "mobile equipment" or "auto" in, or while in practice for, or while being prepared for, any prearranged racing, speed, demolition or stunting activity.

✳✳✳

r.    "Bodily injury" or "property damage" arising out of the rendering of or failure to render any professional services. But, this exclusion does not apply to the extent such coverage is provided by the "underlying insurance" listed in the Schedule of Underlying Insurance.

✳✳✳

17

## Section II – Defense

\*\*\*

3.  If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the 'suit', we will defend that indemnitee if all of the following conditions are met:

    a.    The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

    b.    This insurance applies to such liability assumed by the insured;

    c.    The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

    d.    The allegations in the "suit" and the information we know about the offense or "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

    e.    The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and

    f.    The indemnitee:

        (1)    Agrees in writing to:

            (a)    Cooperate with us in the investigation, settlement or defense of the "suit";

            (b)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the suit;

            (c)    Notify any other insurer whose coverage is available to the indemnitee; and

            (d)    Cooperate with us with respect to coordinating other applicable insurance available to the idemnitee; and

18

(2)    Provides us with written authorization to:

        (a)    Obtain records and other information related to the "suit"; and

        (b)    Conduct and control the defense of the indemnitee in such "suit".

So long as the conditions in this subparagraph f. are met, attorneys fees incurred by us in the defense of that indemnitee, necessary litigation expenses incurred by us and necessary litigation expenses incurred by the indemnitee at our request will be paid under Section II – Defense. Notwithstanding the provisions of paragraph 2.b.(2) of Coverage A – Bodily Injury And Property Damage Liability (Section I – Insuring Agreements), such payments will not be deemed to be damages for "bodily injury" and "property damage" and will not reduce the limits of insurance.

4.    Our obligation to defend an insured's indemnitee and to pay for attorneys' fees and necessary litigation expenses under Section II – Defense ends when:

    a.    We have used up the applicable limit of insurance in the payment of judgments or settlements; or

    b.    The conditions set forth above, or the terms of the agreement described in Paragraph 3.f above, are no longer met by the indemnitee.

## Section III – Who Is An Insured

***

2.    Except with respect to any "auto" or any mobile equipment" registered in your name under any motor vehicle registration law, each of the following is also an insured:

***

    f.    Any person or organization for whom you have agreed in writing prior to any "occurrence" or offense to provide insurance such as is afforded by this policy, but only with respect to operations performed by you or on your behalf, or facilities owned or used by you. This policy shall not afford such person or organization limits of insurance in excess of:

19

(1)  The minimum limit of insurance you agreed to provide; or

(2)  The limit of insurance under this policy, whichever is less.

\*\*\*

### Section V – Conditions

\*\*\*

10.  Other Insurance. If other valid and collectible insurance is available to the insured for "ultimate net loss" we cover under this policy, our obligations under this policy are limited as follows:

    a.  This insurance is excess over:

        (1)  Any other insurance, whether primary, excess, contingent or on any other basis, except such insurance as is specifically purchased to apply in excess of this policy's Limit of Insurance; and

        (2)  Any other insurance available to the insured, whether primary or excess, covering liability for damages arising out of premises or operations for which you have been added as an additional insured.

    b.  We will indemnify only our share of the amount of "ultimate net loss", if any, that exceeds the sum of:

        (1)  The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

        (2)  The total of all deductible and self-insured amounts under this or any other insurance.

    c.  We will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we may undertake to do so, but we will be entitled to the insured's rights against all other insurers in accordance with provisions of Condition 16 below.

\*\*\*

20

**Section VI – Definitions**

\*\*\*

2.    "Auto" means a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. However, "auto" does not include "mobile equipment".

\*\*\*

4.    "Bodily injury" means bodily injury, sickness, or disease sustained by a person, including death resulting from any of these any time.

\*\*\*

11.    "Insured contract" means:

\*\*\*

f.    That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law for injury to persons or property in the absence of any contract or agreement.

\*\*\*

15.    "Occurrence" means:

a.    With respect to "bodily injury" or "property damage", an accident, including continuous or repeated exposure to substantially the same general harmful conditions. This does not apply to your liability (other than under contractor agreement) for "bodily injury" to your "employees" arising out of and in the course of employment by you; or

b.    With respect to your liability (other than under a contract or agreement) for "bodily injury" to your "employees" arising out of and in the course of employment by you, "bodily injury" caused by accident or disease.

21

### III. Claims for Relief

11.    A real, bonafide controversy exists, as defined by the Federal Declaratory Judgment Act, 28 U.S.C. §2201, *et. seq.* between the parties with regard to State Auto's rights and obligations under the aforementioned policies of insurance as to whether coverage, if any, exists for the claims made in the underlying lawsuit pursuant to the demand for defense and indemnity made by Wiregrass Construction Company, Inc. by and through its insurance carrier, St. Paul Travelers and/or The Travelers Indemnity Company.

WHEREFORE, PREMISES CONSIDERED, State Auto prays this Court will take jurisdiction over this matter and issue a judgment declaring the rights and obligations of the parties to this action including, but not limited to, a determination of whether and to what extent State Auto has a duty to defend and indemnify Wiregrass Construction Company, Inc. in and for the underlying lawsuit. Additionally, State Auto prays for any other legal and equitable relief to which it may be entitled.

Respectfully submitted,

Christopher J. Zulanas (ASB-1572-u82e)
Email: czulanas@friedmanleak.com

Michael J. Douglas (ASB-2886-o52d)
Email: mdouglas@friedmanleak.com

Attorneys for Plaintiff
State Automobile Mutual Insurance Company

**FRIEDMAN LEAK**
3800 Colonnade Parkway, Suite 650
Birmingham, AL 35243
Telephone: (205) 278-7000
Facsimile: (205) 278-7001

22

## CERTIFICATE OF SERVICE

I hereby certify I have caused a copy of the foregoing pleading to be served on counsel for all parties via first class mail, postage prepaid and properly addressed this 30TH day of March 2006.

_____
OF COUNSEL

cc:
Clyde C. (Jack) Owen Jr.
*Email: ccowen@ball-ball.com*
C. Winston Sheehan, Jr.
*Email: wsheehan@ball-ball.com, rsmith@ball-ball.com*
Attorneys for Wiregrass Construction
**BALL, BALL, MATTHEWS & NOVAK, P.A.**
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Carol Ann Smith
*Email: casmith@smith-ely.com, receptionist@smith-ely.com; llee@smith-ely.com*
Susan Rogers
*Email: srogers@smith-ely.com, receptionist@smith-ely.com*
Attorneys for The Travelers Indemnity Company
**SMITH & ELY, LLP**
2000A SouthBridge Parkway, Suite 405
Birmingham, AL 35209

23