# EXHIBIT A

### IN THE CIRCUIT COURT FOR
### MACON COUNTY, ALABAMA

JESSICA HATTON as dependent    *
widow and administratrix of the    *
Estate of JACKSON IRVING    *
HATTON, JR.    *
   *
      Plaintiffs,    *
   *   **CASE NO.: CV-05-** *119*
vs.    *
   *
MACON COUNTY, a governmental    *   <u>JURY DEMAND</u>
entity; DAVID BULGER, INC.;    *
EDWARD BOWMAN; and Fictitious    *
Defendants A, B, & C, whether    *
singular or plural, those persons,    *
corporations, partnerships or other    *
entities whose negligence and    *
wantonness cause contributed to    *
the Plaintiffs injuries, that whose    *
true and correct names are    *
unknown at this time, but will be    *
substituted by amendment when    *
ascertained,    *
   *
      Defendants.    *

### <u>COMPLAINT</u>

This action arises under the Workers' Compensation Laws of the State of

Alabama, Ala. Code §25-5-1, et seq. (1975).

### STATEMENT OF THE PARTIES

1.     Plaintiff Jessica Hatton is a resident of Lee County, Alabama, and

is over the age of nineteen years. Mrs. Hatton is the surviving dependent widow

of Jackson Irving Hatton, Jr., deceased.

2.     Defendant Macon County, a government entity, (hereinafter

referred to as "Macon County") is an Alabama government entity, qualified to

conduct business within the state, and at all times material doing business in Macon County, Alabama. Macon County was the employer of the deceased, Jackson Irving Hatton.

3.    Defendant David Bulger, Inc. (hereinafter referred to as "DBI") is believed to be a domestic corporation and at all times material doing business by agent in Macon County, Alabama with its principal place of business located in Montgomery, Alabama.

4.    Defendant Edward Ronald Bowman (hereinafter referred to as "Bowman") is over the age of nineteen years and is a resident in Prattville, Alabama.

5.    Fictitious Defendants "A", "B", "C" and "D" whether singular or plural, are those other persons, firms, partnerships, corporations or other entities whose wrongful conduct caused on contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

6.    Plaintiff alleges all allegations contained in paragraphs 1 through 5 as if set out here in full.

7.    On May 9, 2005, in Macon County, Alabama, Jackson Hatton, Jr. was employed by Defendant Macon County as an assistant engineer. On this date he was working at a road-resurfacing project on County Road 10 at or near County Road 5 and Slim Road.

8.    At the time, Defendant Bowman was driving a truck for Defendant DBI at or near County Road 10 at or near County Road 5 and Slim Road.

9.    At the time, Defendant Bowman had unloaded or was going to unload a load of asphalt and was steering his truck on the shoulder of the road.

10.    At the time of the incident, Mr. Hatton was a working person or employee of Defendant Macon County and was engaged in the actual performance of the duties of his employment with Defendant Macon County.

11.    As a result of the incident, Mr. Hatton was run over by Defendant Bowman and killed.    The incident arose out of and in the course of his employment with Defendant Macon County.

## COUNT ONE

### (Worker's Compensation)

12.    Plaintiff realleges paragraphs 1 through 11 as if set out here in full.

13.    Plaintiff Jessica Hatton is the dependant widow and administratrix of the Estate of Jackson Irving Hatton, Jr., deceased.

14.    On or about May 9, 2005, Plaintiffs' decedent Jackson Hatton, Jr. was employed by the Defendant Macon County Department of Transportation in Macon County and was engaged in the actual performance of the duties of his employment with Defendant Macon County.

15.    On or about May 9, 2005 while in the line and scope of his employment with Defendant Macon County, Jackson Hatton, Jr. received fatal injuries arising out of and in the course of his employment with the Defendant Macon County when he was run over by a truck owned and operated by DBI.

3

16.    The Defendant Macon County had timely and actual notice of the incident and Mr. Hatton's death resulting from said incident in the time specified by the Workers' Compensation Act of the State of Alabama.

17.    The Defendant Macon County has failed to pay proper benefits arising out of the death of Plaintiffs' decedent Jackson Hatton, Jr. as provided by the Alabama Workers' Compensation Act.

18.    Plaintiff and Defendant Macon County are subject to the Workers' Compensation Laws of the State of Alabama.

WHEREFORE, Plaintiff demands judgment against the Defendant Macon County for the compensation to which Plaintiffs are entitled under the Workers' Compensation Laws of the State of Alabama.

## COUNT TWO

### (Negligence)

19.    Plaintiff realleges paragraphs 1 through 18 of the Complaint as if set out here in full.

20.    At the said time and place aforesaid, the Defendant, Bowman, was negligently operation the motor vehicle which he was driving and caused it to run over Jackson Hatton, Jr., deceased.

21.    As a proximate consequence of Defendants negligence, Jackson Irving Hatton, Jr. was killed.

WHEREFORE, Plaintiff, Jessica Hatton, demands judgment against Defendants in such an amount of punitive damages as a jury may award, plus costs and expenses which she shall incur as a result of this action.

## COUNT THREE

### (Negligent Responded Superior)

22.    Plaintiff realleges paragraphs 1 through 21 of the Complaint as if set out here in full.

23.    At the aforesaid time and place, Defendant Bowman, while acting in the line and scope of his employment duties with Defendant DBI, negligently operated the vehicle, which he was driving, which said vehicle is owned or leased by the Defendant DBI and caused said vehicle to run over Jackson Hatton, Jr.

24.    As a proximate consequence of Defendant's negligence, while acting within the line and scope of his employment duties with the Defendants, Jackson Irving Hatton, Jr. was killed.

WHEREFORE, Plaintiff Jessica Hatton demands judgment against Defendants in such an amount of punitive damages as a jury may award, plus the costs and expenses which she shall incur as a result of this action.

## COUNT FOUR

### (Wantonness)

25.    Plaintiff realleges paragraphs 1 through 24 of the Complaint as if set out here in full.

26.    At the aforesaid time and place, Defendant Bowman wantonly operated his vehicle as to run over Jackson Hatton, Jr., deceased.

27.    As a proximate consequence of Defendants wantonness, Jackson Irving Hatton, Jr. was killed.

WHEREFORE, Plaintiff Jessica Hatton demands judgment against Defendants in such an amount of punitive damages as a jury may award, plus the costs and expenses which she shall incur as a result of this action.

## COUNT FIVE

### (Negligently/Wantonly Entrustment)

28.    Plaintiff realleges paragraphs 1 through 27 of the Complaint as if set out here in full.

29.    At the aforesaid time and place, the Defendant DBI negligently and/or wantonly entrusted a vehicle to Defendant Bowman with actual and/or constructive knowledge that Defendant Bowman was an incompetent driver.

30.    As a proximate consequence of the Defendants negligence and/or wanton entrustment, Jackson Hatton, Jr. was killed.

WHEREFORE, Plaintiff Jessica Hatton demands judgment against Defendants in such an amount of punitive damages as a jury may award, plus the costs and expenses which she shall incur as a result of this action.

## COUNT SIX

31.    Plaintiff realleges paragraphs 1 through 30 of the Complaint as if set out here in full.

32.    Defendant DBI negligently and/or wantonly hired, retained, maintained the truck, and/or trained Bowman.

33.    As a proximate result of the Defendants' negligence and wantonness, Jackson Irving Hatton, Jr. was killed.

6

WHEREFORE, Plaintiff Jessica Hatton demands judgment against Defendants in such an amount of punitive damages as a jury may award, plus the costs and expenses which she shall incur as a result of this action.

_____
MICHAEL J. CROW (CRO039)

OF COUNSEL:

BEASLEY, ALLEN, CROW,
 METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

_____
OF COUNSEL

7