IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL ACTION NO. 3:06 CV 78-MHT ) |
| WIREGRASS CONSTRUCTION CO., INC., and THE TRAVELERS INDEMNITY COMPANY, | ) ) ) ) ) |
| Defendants. | |

**TRAVELERS' MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AND/OR TO ADD REAL PARTY IN INTEREST**

Comes now, Defendant, The Travelers Indemnity Company ("Travelers"), and respectfully moves this Honorable Court to grant leave to file the Third-Party Complaint against Third-Party Defendant, David Bulger, Inc. ("DBI"), which is attached hereto as Exhibit A, and/or to add DBI as a real party in interest. In support of this Motion, Travelers states as follows:

1. Pursuant to this Court's scheduling order issued March 20, 2006, the due date for amendment of pleadings and addition of parties is June 15, 2006. (Doc. 17).

2. State Automobile Mutual Insurance Company ("State Auto") brought this coverage action for declaration of its coverage rights and obligations to Wiregrass Construction Company, Inc. ("Wiregrass") and its coverage rights and obligations with respect to "insured contract" coverage for DBI, with respect to claims made against Wiregrass and DBI in *Jessica Hatton as dependant widow and Administratix of the Estate of Jackson Irving Hatton, Jr. v. David Bulger, Inc., et al.*, Circuit Court of Macon County, Alabama, CV 05-119 (the "Hatton suit").

3. Plaintiff, State Auto, named only Wiregrass and Travelers as defendants in its complaint and amendments thereto (Docs. 1, 16, and 23) but its pleadings put in issue the "insured contract" coverage afforded to DBI under State Autos' policies. Specifically, State Auto's pleadings assert as follows:

> State Auto asserts judicable controversies exist as to . . . whether the subcontract is an 'insured contract' as that term is defined in the policies.

(Doc 23 at 3, ¶10). The issue of "insured contract" coverage is one between State Auto and its insured, DBI, and DBI's addition to this action is required for full adjudication of the issues raised by State Auto.

4. Further, under its subcontract with Wiregrass, DBI contracted to provide liability insurance coverage for Wiregrass for claims such as those made in the Hatton suit. DBI requested that its insurance agent add Wiregrass as an insured under the policies of insurance issued by State Auto. State Auto denies that Wiregrass is an additional insured and has failed and refused to defend and indemnify Wiregrass. If State Auto's denial of coverage is correct, DBI has breached its contract duty to provide insurance coverage for Wiregrass. Further, DBI has not provided defense or indemnity to Wiregrass as is its duty and obligation under the subcontract. Federal Rule of Civil Procedure 14 provides that a person who is not a party to the action may be added as a third-party defendant if that person "is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Federal Rules of Civil Procedure 17(a), 19(a) (1) and (2), and 20(a) also support this request for addition of DBI as a party to the action.

5. Travelers also seeks to join DBI as a third-party defendant in this action to protect Travelers' subrogation interest in the contract claims of Travelers' insured, Wiregrass, pursuant to

a subcontract between Wiregrass and DBI. The subcontract requires DBI to defend and indemnify Wiregrass for claims arising from DBI's performance of the subcontract work of delivering asphalt to a job site. The <u>Hatton</u> suit makes claim for the death of Mr. Hatton who was struck and killed by a truck owned and operated by DBI and driven by a DBI employee. At the time of the accident, DBI was performing work for Wiregrass pursuant to the subcontract.

6. Travelers brings this subrogation claim against DBI standing in the shoes of its insured, Wiregrass, on whose behalf Travelers is defending the claims brought in the <u>Hatton</u> suit. Travelers has incurred costs and expenses in and about its defense of Wiregrass against the claims asserted in the <u>Hatton</u> suit and will continue to incur costs of defense and indemnity unless DBI, its insurance carrier, State Auto, meet their contract obligation to Wiregrass.

7. Because DBI is liable to Wiregrass for all losses Wiregrass and its subrogated insurer, Travelers, have incurred or may incur in the future, DBI must be added as a Third-Party Defendant. Federal Rule of Civil Procedure 19(a) provides that a person "*shall* be joined as a party in the action" if, in a that person's absence "complete relief cannot be accorded among those already parties." In this case, absent DBI as a party, Wiregrass nor Travelers cannot be afforded "complete relief."

8. Further, in the interests of justice and judicial economy, a full adjudication of this matter requires that Travelers be granted leave to file its attached Third-Party Complaint against DBI.

WHEREFORE, PREMISES CONSIDERED, the Defendant/Third-Party Plaintiff, Travelers, respectfully requests that this Honorable Court grant this Motion for Leave to File Third-Party Complaint against DBI and/or grant its motion for addition of DBI as a party to this action pursuant to Federal Rules of Civil Procedure 14 (a); 17(a); 19(a) (1) and (2); and 20(a).

Respectfully submitted,

s/ Carol Ann Smith
Carol Ann Smith, ASB-3485-T81C
Attorney for Defendant, The Travelers Indemnity Company

OF COUNSEL:
SMITH & ELY, LLP
2000-A SouthBridge Parkway, Suite 405
Birmingham, Alabama 35209
(205) 802-2214

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

|           |                    |
|-----------|--------------------|
| _____   | Hand Delivery      |
| _____   | U. S. Mail         |
| _____   | Overnight Delivery |
| _____   | Facsimile          |
| _____   | Certified Mail     |
| ___x___   | E-filing           |

on this the 15th day of June, 2006.

s/ Carol Ann Smith
OF COUNSEL

cc:  Christopher John Zulanas
     Michael Jon Douglas
     H. Spence Morano
     Friedman, Leak, Dazzio, Zulanas & Bowling, PC
     P.O. Box 43219
     Birmingham, AL 35242-3219

C. Winston Sheehan, Jr.
Jack Owen, Jr.
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102