# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) WIREGRASS CONSTRUCTION CO., ) INC. and THE TRAVELERS INDEMNITY ) COMPANY, ) ) Defendants, ) ) and ) ) THE TRAVELERS INDEMNITY ) COMPANY, ) ) Third-Party Plaintiff, ) ) vs. ) ) DAVID BULGER, INC. ) ) Third-Party Defendant. ) | CIVIL ACTION NO. 3:06 CV 78-MHT |

**THIRD-PARTY COMPLAINT OF DEFENDANT, THE TRAVELERS INDEMNITY COMPANY, AGAINST DAVID BULGER, INC.**

COMES NOW Defendant/Third-Party Plaintiff, The Travelers Indemnity Company ("Travelers"), and files this Third-Party Complaint against Third-Party Defendant, David Bulger, Inc., as follows:

1. This is an action for declaratory judgment brought to determine the rights, duties, status, and legal relations of the parties under the insurance policies issued by Travelers.

2. Travelers is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut. Travelers is licensed to do business in the State of Alabama.

3. The Third-Party Defendant, David Bulger, Inc. ("DBI"), is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Alabama.

4. Travelers invokes this Court's jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. Section 1332. The parties are diverse and the matter in controversy exceeds $75,000.

5. Travelers seeks a declaration of its rights pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. Section 2201, *et seq*, and seeks a money judgment to the extent of its subrogation interests in the contract rights of Travelers' insured, Wiregrass.

6. This coverage litigation arises from a state court suit styled *Jessica Hatton as dependent widow and Administratrix of the Estate of Jackson Irving Hatton, Jr. v. David Bulger, Inc., et al.,* filed in the Circuit Court of Macon County, Alabama, bearing Civil Action Number: CV 05-119 (the "Hatton suit").

7. Plaintiff, State Automobile Mutual Insurance Company ("State Auto"), in its Complaint for Declaratory Judgment (Doc. 1) and Second Amended Complaint (Doc. 23), contends that it owes no coverage to Wiregrass Construction Company, Inc. ("Wiregrass"), Travelers' insured, and it names Travelers as a defendant to this action. State Auto's complaints contend that State Auto has no "insured contract" coverage for DBI.

8. At the time of the accident made the basis of the Hatton suit, DBI was performing services for Wiregrass, delivering to a construction site under a subcontract. The subcontract required that DBI provide liability insurance coverage for Wiregrass. In the subcontract, DBI agreed

to defend and indemnify Wiregrass for injury claims such as that made in the Hatton suit. It is undisputed that Mr. Hatton was killed when DBI's employee, driving a DBI owned and operated truck in Macon County, Alabama, on May 9, 2005, struck Mr. Hatton on the job site.

9.      Standing in the shoes of its insured, Wiregrass, Travelers brings this subrogation claim against DBI for costs Travelers has incurred and is continuing to incur in the defense of Wiregrass against the Hatton suit.

**COUNT I -- CONTRACTUAL INDEMNITY**

10.     Travelers realleges paragraphs 1-9 of this Complaint as if set forth fully herein.

11.     Under Paragraph 6 of its Subcontract DBI agreed as follows:

**INDEMNITY:** To the fullest extent permitted by law Subcontractor [DBI] shall defend, indemnify and hold harmless Contractor [Wiregrass] from any and all losses, consequential damages, expenses (including but not limited to attorneys' and consultants' and experts' fees), claims, suits, liabilities, fines, penalties, and remedial or clean-up costs arising out of or in any way related to

(i)     the performance of the Work,
(ii)    any breach of this Subcontract by Subcontractor, or
(iii)   any act or omission by Subcontractor [DBI], its invites, or any person performing Work directly or indirectly on behalf of Subcontractor [DBI] regardless of whether Contractor [Wiregrass] is wholly or partially at fault, but only to the extent cause in whole or in part by negligent acts or omissions of the Subcontractor [DBI], anyone directly or indirectly employed by them or anyone for whole acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or reduce other rights or obligations of indemnity which would otherwise exist as to a party of [sic] person described herein. Subcontractor's indemnification obligations shall not be limited by any other paragraph herein, or by any limitation on the amount or type of damages, compensation or benefits payable by of [sic] for the Subcontractor under Worker's Compensation Acts, Longshoremen and Harborworker's

>Acts, or any other employee benefit laws. Any damages recoverable by Contractor from Subcontractor shall bear interest at the annual rate of 18% or the highest rate allowed by law, whichever is lower. One percent (1%) of the total Subcontract price represents specific consideration for the obligations assumed by Subcontractor under the above indemnity provisions.

12. The clear and unambiguous contract language set forth by the Subcontract entered into between Wiregrass and DBI provides that DBI shall defend and indemnify, Wiregrass, Travelers insured, from the claims such as those made in the <u>Hatton</u> suit. DBI breached its contractual duty to defend and indemnify Wiregrass under the Subcontract, and to hold Wiregrass harmless, from and against any and all suits.

13. Because of DBI's failure to perform and/or to properly perform all of its obligations as set forth in the Subcontract, Travelers was required to provide a defense of its insured, Wiregrass, and has incurred, and will incur in the future, costs of defense of Wiregrass, expenses that are rightfully the obligation of DBI.

WHEREFORE, PREMISES CONSIDERED, Travelers demands judgment against DBI to the extent of Travelers' subrogation claim, including costs and attorney's fees.

## COUNT II -- FAILURE TO PROCURE INSURANCE

14. Travelers realleges all prior paragraphs of this Complaint as if set forth fully herein.

15. Under the Subcontract, DBI agreed to procure insurance for Wiregrass. Section 5 of the Subcontract states:

>Subcontractor [DBI] . . . shall maintain
>...

  (b) COMMERCIAL LIABILITY AND PROPERTY DAMAGE INSURANCE, written by insurers acceptable to Contractor [Wiregrass], having minimum coverage of $1,000,000 combined single limit.
  ...

  The Contractor [Wiregrass] and Owner shall be named as ADDITIONAL INSUREDS on the Subcontractor's [DBI's] policies for this project. The Subcontractor's [DBI's] policy shall be endorsed to specify that his/her insurance will be primary insurance for the Contractor [Wiregrass] and Owner that have been named as ADDITIONAL INSUREDS.

  (c) AUTOMOBILE LIABILITY:
Combined single limit bodily injury, property damage - $1,000,000
Owned Autos, hired Autos, Non-Owned Autos.

Contractor [Wiregrass] and Owner shall be named as ADDITIONAL INSUREDS under this policy and shall be primary insurance for Contractor [Wiregrass] and Owner.

  16. DBI is insured under these policies of liability insurance issued by State Auto. To date, DBI's insurance insurer, State Auto, has wholly failed or refused to provide insurance coverage to Wiregrass and in this suit has denied that coverage is provided to Wiregrass.

  17. DBI breached the Subcontract by failing to procure liability insurance for Wiregrass and by failing to properly name Wiregrass as an additional insured without exception under DBI's insurance policies. Wiregrass and Travelers have been damaged as a result, and will be damaged in the future.

  WHEREFORE, PREMISES CONSIDERED, Travelers demands judgment against DBI to the extent of Travelers' subrogation claim, including costs and attorney's fees.

## COUNT III- DECLARATORY JUDGMENT

  18. Travelers realleges all preceding paragraphs of this Complaint as if set forth fully herein.

19.     Travelers avers that DBI has a duty to defend and indemnify Wiregrass against the claims in the <u>Hatton</u> lawsuit.

20.     Travelers further avers that DBI has a duty to provide liability insurance for Wiregrass as an additional insured for the claims made against Wiregrass in the <u>Hatton</u> suit and the insurance provided must be primary.

21.     A bona fide controversy exists between the parties as to their legal rights, status, and liabilities pursuant to the subcontract.

WHEREFORE, PREMISES CONSIDERED, Travelers requests the following relief:

(A)     That this Court will take jurisdiction of this petition;

(B)     That this Court will ORDER, ADJUDGE and DECREE that this is a proper case for declaratory judgment relief and that there is a bona fide controversy between the parties as to their legal rights, status and liabilities;

(C)     That this Court declare that DBI has a duty to defend Wiregrass, Travelers's insured, in the <u>Hatton</u> suit;

(D)     That this Court declare that DBI has a duty to indemnify and hold harmless Wiregrass in the <u>Hatton</u> suit for any and all settlements, judgments, or other losses, damages, or expenses, claims, suits, liabilities, fines, penalties, that Wiregrass may suffer or be required to pay as a result of the claims asserted against Wiregrass in the <u>Hatton</u> suit or in the State Automobile complaints in this action;

(E)     That this Court declare that DBI is contractually obligated to provide liability insurance for Wiregrass as an additional insured for the claims made against Wiregrass in the <u>Hatton</u> suit and the insurance provided must be primary;

(F)   That this Court declare that, to the extent that Travelers has incurred costs in the defense of Wiregrass, or incurs costs for defense or indemnity of Wiregrass in the future, DBI has a duty to indemnify and hold harmless Travelers.

Respectfully Submitted,

s/ Carol Ann Smith
Carol Ann Smith, ASB-3485-T81C
Susan Haygood McCurry, ASB-5544-G54S
Attorneys for Defendant, The Travelers Indemnity Company

OF COUNSEL:
SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, Alabama 35209
(205) 802-2214
Casmith@smith-ely.com
Smccurry@smith-ely.com

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

| | |
|---|---|
| _____ | Hand Delivery |
| _____ | U. S. Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |
| _____ | Certified Mail |
| ___x___ | E-filing |

on this the 15th day of June, 2006.

                                                      <u>s/ Carol Ann Smith</u>
                                                      OF COUNSEL

cc:    Christopher John Zulanas
        Michael Jon Douglas
        H. Spence Morano
        Friedman, Leak, Dazzio, Zulanas & Bowling, PC
        P.O. Box 43219
        Birmingham, AL 35242-3219

        C. Winston Sheehan, Jr.
        Jack Owen, Jr.
        Ball, Ball, Matthews & Novak, P.A.
        P.O. Box 2148
        Montgomery, AL 36102