# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CIVIL ACTION NO. 3:06 CV 78-MHT |
| WIREGRASS CONSTRUCTION CO., INC., and THE TRAVELERS INDEMNITY COMPANY, ) ) ) ) ) | |
| Defendants. | |

**COUNTERCLAIM OF DEFENDANT, TRAVELERS INDEMNITY COMPANY, AGAINST PLAINTIFF, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY**

**COMES NOW** Defendant, The Travelers Indemnity Company ("Travelers") and files this Counterclaim against Plaintiff, State Automobile Mutual Insurance Company ("State Auto"), and alleges as follows:

1. State Auto brought this coverage action to determine its rights and duties to Defendant, Wiregrass Construction Co., Inc. ("Wiregrass") with respect to claims made against Wiregrass in a wrongful death action styled *Jessica Hatton as dependent widow and Administratrix of the Estate of Jackson Irving Hatton, Jr. vs. Macon County, David Bulger, Inc., Edward Ronald Bowman, and Wiregrass Construction Company, Inc.,* Circuit Court of Macon County of Alabama, Action Number CV 05-119 (the "Hatton suit").

2. The Hatton suit makes claims for wrongful death against State Auto's named insured, David Bulger, Inc.("DBI"), and against Travelers' named insured, Wiregrass, for the death of Mr. Hatton who was struck and killed by a truck owned and operated by DBI, and driven by an employee

of DBI, at a time and place at which DBI was performing services pursuant to a subcontract with Wiregrass.

3.      Pursuant to its Subcontract with Wiregrass, DBI promised to defend and indemnify Wiregrass against bodily injury claims such as the claims made in the Hatton suit and further promised to procure and maintain primary insurance to provide coverage for Wiregrass against such claims. The Subcontract provides in pertinent part as follows:

> Subcontractor [DBI] . . . shall maintain
>       ...
>
>       (b) COMMERCIAL LIABILITY AND PROPERTY DAMAGE INSURANCE, written by insurers acceptable to Contractor [Wiregrass], having minimum coverage of $1,000,000 combined single limit.
>       ...
>
>       The Contractor [Wiregrass] and Owner shall be named as ADDITIONAL INSUREDS on the Subcontractor's [DBI's] policies for this project. The Subcontractor's [DBI's] policy shall be endorsed to specify that his/her insurance will be primary insurance for the Contractor [Wiregrass] and Owner that have been named as ADDITIONAL INSUREDS.
>
>       (c) AUTOMOBILE LIABILITY:
>       Combined single limit bodily injury, property damage - $1,000,000
>       Owned Autos, hired Autos, Non-Owned Autos.
>
> Contractor [Wiregrass] and Owner shall be named as ADDITIONAL INSUREDS under this policy and shall be primary insurance for Contractor [Wiregrass] and Owner.

(Doc. 44, Ex. C)

4.      State Auto's three policies of liability insurance issued to DBI were in full force and effect at all times pertinent to this proceeding:

- State Auto's business automobile policy, number BAP 2095834 02 providing primary coverage with policy limits of $1,000,000. (Doc. 44, Ex. F)

2

- State Auto's commercial general liability insurance policy, number SOC 2141652 02, providing primary coverage with policy limits of $1,000,000. (Doc. 44, Ex. E)
- State Auto's commercial excess liability insurance policy, number SOC 2141652 02, providing excess coverage with limits of $3,000,000.00. (Doc. 44, Ex. E)

5. Pursuant to its Subcontract with Wiregrass, DBI instructed Aronov Insurance Inc. ("Aronov"), a duly authorized agent of State Auto, to obtain additional insured coverage for Wiregrass under the said policies of liability insurance issued to DBI by State Auto. Aronov issued certificates of insurance to Wiregrass and DBI evidencing the existence of liability insurance policies issued by State Auto and showing that Wiregrass is an "additional insured" under the State Auto insurance policies.

6. The general liability and auto liability insurance policies issued by State Auto provide primary coverage to Wiregrass as an insured. The excess policy issued by State Auto provides the next level of coverage for Wiregrass.

7. State Auto denied coverage to Wiregrass, and wholly failed and refused to defend or indemnify Wiregrass against the claims made in the Hatton suit.

8. State Auto also denied that its three liability insurance policies provide "insured contract" coverage to its named insured, DBI.

9. As excess coverage to the coverages provided by State Auto, Travelers provides liability insurance to Wiregrass against the claims made in the Hatton suit. Pursuant to the terms of the State Auto and Travelers policies and the facts of this case, the coverage provided by State Auto's policies is primary to the coverage provided to Wiregrass under the Travelers policy such that

the full coverage limits of the State Auto policies must be fully exhausted before Travelers may become obligated to defend or indemnify Wiregrass against the claims of the <u>Hatton</u> suit.

10. State Auto's named insured, DBI, is contractually obligated to defend and indemnify Wiregrass against the claims made in the <u>Hatton</u> suit. DBI has failed to defend or indemnify Wiregrass against the claims made in the <u>Hatton</u> suit.

11. Because State Auto's three liability insurance policies provided "insured contract" coverage to DBI, the liability of DBI to defend and indemnify Wiregrass is ultimately the responsibility and liability of State Auto to the full extent of the coverage limits of all three State Auto policies.

12. By denying that its policies provide "insured contract" coverage to protect its insured, DBI, against the contractual claims of Wiregrass, State Auto has acted to the further detriment of its other insured, Wiregrass.

13. Because of the denial of coverage by State Auto to Wiregrass and the failure and refusal of both State Auto and DBI to defend and indemnify Wiregrass against the claims made in the <u>Hatton</u> suit, Travelers was required to assume defense of Wiregrass and has incurred, and will incur in the future, costs and expenses associated with the defense and indemnity of Wiregrass. These costs and expenses are the lawful duty and obligation of State Auto and its insured, DBI.

14. Travelers brings this Counterclaim against State Auto to protect Travelers subrogation interests in the contract and equitable claims of Wiregrass against State Auto.

**COUNT I -- DECLARATORY JUDGMENT**

15. Travelers re-alleges and incorporates paragraphs 1-14 as if fully set forth herein.

16. This counterclaim action for declaratory relief is brought to determine the rights, duties, status and legal relations of Travelers, State Auto, and Wiregrass with respect to coverage for Wiregrass against the claims made in the <u>Hatton</u> suit and with respect to State Auto's insured contract coverage for DBI against the contract claims of Wiregrass against DBI.

17. A bona fide controversy exists among the parties as to their legal rights, status, and liabilities.

WHEREFORE, PREMISES CONSIDERED, Travelers respectfully requests the following relief:

(A) That this court will take jurisdiction of this counterclaim;

(B) That this court will ORDER, ADJUDGE and DECREE that this is a proper matter for declaratory judgment relief and that there is a bona fide controversy between the parties as to their legal rights, status, and liabilities;

(C) That State Auto be ordered to respond to this Complaint within the time prescribed by law or in the event of failure to do so, suffer a decree pro confesso;

(D) That upon final hearing of this cause, this Honorable Court will declare the rights, status, and legal relations of Travelers, State Auto, Wiregrass, and DBI under the applicable policies of insurance and the Subcontract between Wiregrass and DBI;

(E) That upon a final hearing of this case, this Honorable Court will order, adjudge, declare, or decree that Wiregrass is afforded primary coverage by State Auto under the above-referenced policies for the claims asserted in the Hatton suit;

(F) That this Honorable Court will order, adjudge, declare, or decree that the full coverage limits of the above-referenced policies issued by State Auto must be exhausted in the

5

payment of claims or judgments before Travelers will become obligated to defend or indemnify Wiregrass against the claims made in the Hatton suit;

(G) That this Honorable Court will order, adjudge, declare, or decree that DBI owes defense and indemnity to Wiregrass pursuant to the Subcontract with respect to the claims made against Wiregrass in the Hatton suit;

(H) That, in the alternative that this Honorable Court may determine that Wiregrass is not covered by State Auto to the full extent of the limits of its aforesaid policies, that the Court will order, adjudge, declare, or decree that DBI breached its contractual obligation to provide liability insurance to DBI and is thereby obligated to fully defend and indemnify Wiregrass;

(I) That this Honorable Court will order, adjudge, declare, or decree that Travelers is subrogated to the claims of its insured, Wiregrass, against State Auto and against DBI, and that State Auto has the duty and obligation to pay Travelers such sums as Travelers may have paid in the defense and indemnity of Wiregrass against the claims made in the Hatton suit;

(J) That this Honorable Court will order, adjudge, declare, or decree that DBI is insured by State Auto to the full extent of the coverage limits of the afore-referenced State Auto policies for "insured contract" coverage to protect DBI against the contract claims of Wiregrass and its subrogated insurer, Travelers.

## COUNT II -- BREACH OF INSURANCE CONTRACTS

18. Travelers re-alleges and incorporates paragraphs 1-17 as if fully set forth herein.

19. Wiregrass is an additional insured under State Auto's commercial general liability policy, commercial excess liability policy, and business automobile policy.

20.     The insurance policies issued by State Auto provide that State Auto has the obligation and duty to defend, indemnify, and cover all claims asserted against Wiregrass in the Hatton suit.

21.     Pursuant to the provisions of the policies issued by State Auto and the provisions of the subcontract entered into by State Auto's named insured, DBI, State Auto's policies provide coverage to Wiregrass that is primary to the coverage provided to Wiregrass by Travelers' policies.

22.     State Auto breached its insurance contracts by failing to defend and indemnity Wiregrass in the Hatton lawsuit.

23.     DBI breached its contractual duties to Wiregrass by failing to defend and indemnify Wiregrass.  Further, in the alternative that the Court finds that Wiregrass is not insured to the full extent of the State Auto policies, DBI breached its contractual duties to Wiregrass to provide liability insurance for Wiregrass.

24.     State Auto breached its contractual duties to DBI by denying "insured contract" coverage for DBI for DBI's breach of its Subcontract with Wiregrass.

25.     Travelers is subrogated to the claims of its insured, Wiregrass, for defense and indemnity against State Auto, and against DBI, and State Auto has the duty and obligation to defend and indemnify Wiregrass and to provide insured contract coverage for DBI for its breach of its subcontract with Wiregrass.

WHEREFORE, PREMISES CONSIDERED, Travelers demands judgment against DBI to the extent of Travelers' subrogation claim, including costs and attorney's fees.

                                                Respectfully submitted,

                                                s/ Carol Ann Smith
                                                Carol Ann Smith, ASB-3485-T81C

                                                Attorney for Defendant, The Travelers Indemnity Company

OF COUNSEL:
SMITH & ELY, LLP
2000-A SouthBridge Parkway, Suite 405
Birmingham, Alabama 35209
(205) 802-2214
casmith@smith-ely.com

**CERTIFICATE OF SERVICE**

      I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

| | |
|---|---|
| _____ | Hand Delivery |
| _____ | U. S. Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |
| _____ | Certified Mail |
| ___x___ | E-filing |

on this the 15th day of June, 2006.

                                                  s/ Carol Ann Smith
                                                  OF COUNSEL

cc:    Christopher John Zulanas
        Michael Jon Douglas
        H. Spence Morano
        Friedman, Leak, Dazzio, Zulanas & Bowling, PC
        P.O. Box 43219
        Birmingham, AL 35242-3219

        C. Winston Sheehan, Jr.
        Jack Owen, Jr.
        Ball, Ball, Matthews & Novak, P.A.
        P.O. Box 2148
        Montgomery, AL 36102