IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, )
)
)
Plaintiff, )
)
vs. )    CIVIL ACTION NO. 3:06 CV 78-MHT
)
WIREGRASS CONSTRUCTION CO., INC., )
and THE TRAVELERS INDEMNITY COMPANY, )
)
)
Defendants.

## DEFENDANT TRAVELERS' MOTION TO COMPEL DISCOVERY FROM STATE AUTO AND RULE 56(F) MOTION TO DENY STATE AUTO'S MOTION FOR SUMMARY JUDGMENT

Comes now Defendant, The Travelers Indemnity Company ("Travelers"), and respectfully moves this Honorable Court to enter an Order compelling Plaintiff, State Automobile Mutual Insurance Company ("State Auto") to provide necessary and relevant discovery timely requested by defendants. Defendants have been unable to obtain this discovery through timely notices to third parties. The discovery is pertinent and essential to the factual and legal arguments made in State Auto's motion and brief in support of summary judgment. Travelers further moves this Court to refuse State Auto's Motion for Summary Judgment pursuant to Rule 56(f). In support of this motion, Travelers states as follows:

1.    In its motion for summary judgment, State Auto disputes that it owes coverage to Wiregrass Construction Company, Inc. ("Wiregrass") under any of the three insurance policies in issue in this litigation. The summary judgment motion filed by State Auto contends that certificates of insurance issued by State Auto's duly authorized agent, Aronov Insurance Inc. ("Aronov"), are

of no effect, even though the certificates list Wiregrass as an additional insured. Further, State Auto contends that Aronov was acting not as an agent for State Auto but as an agent for State Auto's insured.

2.      On June 14, 2006, this Court set a due date of June 28, 2006 for opposition to State Auto's motion for summary judgment. Even prior to State Auto's filing of its summary judgment motion, and on occasions since the Court's setting of the June 28, 2006 submission date, counsel for defendants have repeatedly requested (both formally by written discovery requests and informally by letter, email, and telephone), that State Auto submit to deposition and produce pertinent documents. This discovery is essential to defendants' defense of State Auto's summary judgment motion and brief.

3.      More specifically, State Auto's agent, Aronov, testified in deposition on June 5, 2006 that Aronov was authorized by State Auto to issue the certificates. The Aronov agent, Mark Keltz, testified that his intention to issue the certificates was known by, and approved by, the underwriter with which he worked at State Auto. State Auto's motion for summary judgment disputes these facts.

4.      Documents from the files maintained by State Auto and the deposition of its Rule 30(b)(6) representative are needed on the disputed issues of fact and law. Specifically, defendants are entitled to full discovery from State Auto's records and personnel regarding the extent of its authorization to its agent Aronov, the extent of State Auto's involvement in issuance of the certificates, and the course of dealing among State Auto, its agent, Aronov, and its insureds, DBI and Wiregrass.

5.      State Auto has failed and refused to present itself for a Rule 30(b)(6) deposition, or

2

to produce pertinent documents, even though timely and appropriate discovery requests were filed by both defendants. See attached Addendum of Discovery Requests. Exhibit A.

6.     Counsel for defendants have called, written and emailed counsel for State Auto to resolve these discovery issues without success. State Auto failed to appear at either of two deposition settings, failed to produce documents, and failed to provide alternative dates for deposition. See attached Addendum of Attempts to Resolve Discovery Dispute. Exhibit B.

7.     Pursuant to the requirements of Rule 30(b)(1) of the Federal Rules of Civil Procedure, Defendants provided "reasonable notice in writing" before the scheduled depositions and requested document production. See attached Addendum.

8.     Further on April 5, 2006, Defendants made formal discovery requests to obtain related discovery from third party, Aronov. These discovery efforts were delayed because of State Auto's blanket objection to discovery, objections which were overruled on May 12, 2006. Immediately thereafter, defense counsel began efforts to schedule the deposition and document production of Aronov, and of State Auto, again offering to do so at a time and place mutually convenient for State Auto  State Auto agreed to appear at a deposition of the third party, Aronov, on June 5, 2006 but refused to present itself for deposition or to provide alternate dates.

9.     Efforts to obtain the needed discovery from Aronov were only partially successful. In deposition on June 5, 2006, Mark Keltz, Aronov's employee and agent of State Auto, testified that Aronov's document production was incomplete. He confirmed that other pertinent documents exist. (Doc. 38-1, Deposition of Mark Keltz, p. 164, lines 7-10). These documents have not been produced as of the date of this motion.

10.     The parties submitted cross motions for summary judgment on June 8, 2006 and on

3

June 14, 2006, the Court entered an order that the motions would be submitted on June 28, 2006.

11.    Although the summary judgment motions and briefs of the defendants do not turn on the issues raised by State Auto and do not require the requested discovery from State Auto or Aronov, the State Auto motion directly raises issues that relate to essential discovery that has been requested and is outstanding. Travelers moves this Court to deny State Auto's Motion for Summary Judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

12.    Under Rule 56(f) of the Federal Rules of Civil Procedure, if the party opposing the motion cannot "for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment . . .." This motion is supported by the attached affidavit of Susan McCurry. Exhibit C.

WHEREFORE, PREMISES CONSIDERED, Defendant Travelers respectively moves this Honorable Court to enter an order compelling State Auto to comply with the discovery requests of the defendants, by presenting its corporate representative for deposition and producing the requested documents. Further, Travelers moves this Court to deny State Auto's Motion for Summary Judgment pursuant to Rule 56(f).

Respectfully submitted,

/s Carol Ann Smith
Carol Ann Smith, ASB-3485-T81C
Susan H. McCurry (ASB-5544-G54S)
Attorneys for Defendant, The Travelers
Indemnity Company

4

OF COUNSEL:
SMITH & ELY, LLP
2000-A SouthBridge Parkway, Suite 405
Birmingham, Alabama 35209
(205) 802-2214
casmith@smith-ely.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record by:

| | |
|---|---|
| _____ | Hand Delivery |
| _____ | U. S. Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |
| _____ | Certified Mail |
| ___x___ | E-filing |

on this the 23rd day of June, 2006.


                                        s/ Carol Ann Smith_____
                                        OF COUNSEL


cc:    Christopher John Zulanas
       Michael Jon Douglas
       H. Spence Morano
       Friedman, Leak, Dazzio, Zulanas & Bowling, PC
       P.O. Box 43219
       Birmingham, AL 35242-3219

       C. Winston Sheehan, Jr.
       Jack Owen, Jr.
       Ball, Ball, Matthews & Novak, P.A.
       P.O. Box 2148
       Montgomery, AL 36102