# EXHIBIT A

## <u>Addendum of Discovery Requests</u>

1. On April 5, 2006, Wiregrass served a subpoena on Aronov Insurance, Inc. (Attachment 1).

2. On May 25, 2006, Wiregrass noticed the deposition of Aronov Insurance, Inc., for June 2, 2006, and included a document request. (Attachment 2).

3. On May 25, 2006, Wiregrass noticed the deposition of State Auto's corporate representative for June 5, 2006, and included requests for production. (Attachment 3).

4. On June 13, 2006, Travelers served another Rule 30(b)(6) notice of deposition on State Auto for a deposition set on June 22, 2006, which also included requests for production. (Attachment 4).

# ATTACHMENT 1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF ALABAMA

State Auto Automobile Mutual Ins. Co.

**SUBPOENA IN A CIVIL CASE**

V.

Wiregrass Construction Co., Inc. and St. Paul
Travelers

Case Number:¹ 3:060cv-0078-MHT

TO:    Custodian of Records, Aronov Insurance, Inc.
P.O. Box 235000
Montgomery, AL 36123

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached for documents to be produced.

| PLACE | DATE AND TIME |
|---|---|
| Jack Owen, P.O. Box 2148, Montgomery, AL, 36102-2148 | 4/20/2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Jack Owen_        Attorney for Defendant Wiregrass | 4/5/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jack Owen, Ball, Ball, Matthews & Novak, P.O. Box 2148, Montgomery, AL, 36102-2148; (334) 387-7680

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AD88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 4/5/06 | Aronov Insurance, Inc. |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Served by Certified Mail | Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Jack Owen | Attorney for Defendant Wiregrass |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    4/5/06
_____
DATE

_____
SIGNATURE OF SERVER

P.O. Box 2148, Montgomery, AL, 36102-2148
_____
ADDRESS OF SERVER

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Custodian Of Records
Aronov Insurance, Inc
P.O. Box 235000
Montgomery, AL 36123

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
4-7-06

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from)   7005 1820 0002 3191 7075

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

7005 1820 0002 3191 7075

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

STATE AUTOMOBILE MUTUAL            )
INSURANCE COMPANY,                 )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )        CIVIL ACTION NO.
                                   )        3:06-cv-0078-MHT
                                   )
WIREGRASS CONSTRUCTION CO., INC.,  )
And ST. PAUL TRAVELERS,            )
                                   )
        Defendants.                )

## DOCUMENTS SUBJECT TO SUBPOENA TO ARONOV INSURANCE, INC.

The Custodian of Records for Aronov Insurance, Inc. shall produce the following described documents and things in response to the attached subpoena:

1.      All contracts and agreements defining, describing and/or concerning the appointment of Aronov Insurance, Inc. as agent for the State Auto Companies (hereinafter, "State Auto") including, but not limited to, State Automobile Mutual Insurance Company, effective during the period from January 1, 2004 through December 31, 2005, or any portion thereof.

2.      All underwriting rules and regulations provided to Aronov Insurance, Inc. by or on behalf of State Auto addressing, governing and/or controlling the performance by Aronov Insurance, Inc. of its duties and responsibilities as agent of State Auto, effective during the period from January 1, 2004 through December 31, 2005, or any portion thereof.

3.      All correspondence, bulletins, directives, and documents of similar nature however described, addressing, governing and/or controlling the performance by Aronov Insurance, Inc. of its duties and responsibilities as agent of State Auto, effective during the

period from January 1, 2004 through December 31, 2005, or any portion thereof.

    4.    To the extent not produced in response to any of the foregoing numbered items, all correspondence, communications and recorded information provided to Aronov Insurance, Inc. pertaining to the issuance of certificates of insurance and/or endorsements related to policies of insurance issued by State Auto, effective during the period from January 1, 2004 through December 31, 2005, or any portion thereof.

    5.    All insurance policies, certificates of insurance and correspondence, communications and endorsements pertaining to policies of insurance issued to David Bulger, Inc.

2

# ATTACHMENT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

STATE AUTOMOBILE MUTUAL            )
INSURANCE COMPANY,                 )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )   CIVIL ACTION NO. 3:06-cv-0078-MHT
                                   )
WIREGRASS CONSTRUCTION CO., INC.,  )
And ST. PAUL TRAVELERS,            )
                                   )
        Defendants.                )

## NOTICE TO TAKE DEPOSITION DUCES TECUM

TO:    Mr. Mark Keltz
       Aronov Insurance Company, Inc.
       P.O. Box 235000
       Montgomery, AL 36123

Please take notice that on Friday, the 2nd day of June, 2006, at the offices of Ball, Ball,

Matthews & Novak, P.A., 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama,

beginning at 10:00 a.m., Defendant will take the deposition of Mark Keltz upon oral examination

before an officer authorized by law to administer oaths. The oral examination will continue from

time to time until completed.

The deponent is requested to produce at the time of the deposition all documents and

things within the scope of the subpoena for production of documents, a copy attached hereto,

which have been ordered produced by the Court, by Order dated May 12, 2006.

                            JACK OWEN
                            C. WINSTON SHEEHAN, JR.
                            Attorneys for Defendant
                            Wiregrass Construction Co., Inc.

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email: ccowen@ball-ball.com
       wsheehan@ball-ball.com


## CERTIFICATE OF SERVICE

I certify that the foregoing document has been served upon the following by placing copy of same in the United States Mail, first class, postage prepaid and properly addressed on May 25, 2006.

OF COUNSEL

Christopher J. Zulanas, Esq.
Michael J. Douglas, Esq.
Freidman, Leak, Dazzio, Zulanas & Bowling, P.C.
3800 Colonnade Parkway
Suite 650
Birmingham, AL 35243

Carol Ann Smith, Esq.
Susan Rogers, Esq.
Smith & Ely, L.L.P.
Suite 405
2000A SouthBridge Parkway
Birmingham, AL 35209

2

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF ALABAMA

State Auto Automobile Mutual Ins. Co.

**SUBPOENA IN A CIVIL CASE**

V.

Wiregrass Construction Co., Inc. and St. Paul
Travelers

Case Number:[1] 3:060cv-0078-MHT

TO: Custodian of Records, Aronov Insurance, Inc.
P.O. Box 235000
Montgomery, AL 36123

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached for documents to be produced.

| PLACE | DATE AND TIME |
|---|---|
| Jack Owen, P.O. Box 2148, Montgomery, AL, 36102-2148 | 4/20/2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*     Attorney for Defendant Wiregrass | 4/5/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jack Owen, Ball, Ball, Matthews & Novak, P.O. Box 2148, Montgomery, AL, 36102-2148; (334) 387-7680

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 4/5/06 | Aronov Insurance, Inc. |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Served by Certified Mail | Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Jack Owen | Attorney for Defendant Wiregrass |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___4/5/06___
DATE

_Jack Owen_
SIGNATURE OF SERVER

P.O. Box 2148, Montgomery, AL, 36102-2148
ADDRESS OF SERVER

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Custodian Of Records
Aronov Insurance, Inc
P.O. Box 235000
Montgomery, AL 36123

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
4-7-06

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
7005 1820 0002 3191 7075

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

7005 1820 0002 3191 7075

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

STATE AUTOMOBILE MUTUAL           )
INSURANCE COMPANY,                )
                                  )
        Plaintiff,                )
                                  )
v.                                )      CIVIL ACTION NO.
                                  )      3:06-cv-0078-MHT
                                  )
WIREGRASS CONSTRUCTION CO., INC., )
And ST. PAUL TRAVELERS,           )
                                  )
        Defendants.               )

## DOCUMENTS SUBJECT TO SUBPOENA TO ARONOV INSURANCE, INC.

The Custodian of Records for Aronov Insurance, Inc. shall produce the following described documents and things in response to the attached subpoena:

1.    All contracts and agreements defining, describing and/or concerning the appointment of Aronov Insurance, Inc. as agent for the State Auto Companies (hereinafter, "State Auto") including, but not limited to, State Automobile Mutual Insurance Company, effective during the period from January 1, 2004 through December 31, 2005, or any portion thereof.

2.    All underwriting rules and regulations provided to Aronov Insurance, Inc. by or on behalf of State Auto addressing, governing and/or controlling the performance by Aronov Insurance, Inc. of its duties and responsibilities as agent of State Auto, effective during the period from January 1, 2004 through December 31, 2005, or any portion thereof.

3.    All correspondence, bulletins, directives, and documents of similar nature however described, addressing, governing and/or controlling the performance by Aronov Insurance, Inc. of its duties and responsibilities as agent of State Auto, effective during the

period from January 1, 2004 through December 31, 2005, or any portion thereof.

     4.     To the extent not produced in response to any of the foregoing numbered items, all correspondence, communications and recorded information provided to Aronov Insurance, Inc. pertaining to the issuance of certificates of insurance and/or endorsements related to policies of insurance issued by State Auto, effective during the period from January 1, 2004 through December 31, 2005, or any portion thereof.

     5.     All insurance policies, certificates of insurance and correspondence, communications and endorsements pertaining to policies of insurance issued to David Bulger, Inc.

2

# ATTACHMENT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

STATE AUTOMOBILE MUTUAL            )
INSURANCE COMPANY,                 )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )  CIVIL ACTION NO. 3:06-cv-0078-MHT
                                   )
WIREGRASS CONSTRUCTION CO., INC.,  )
And ST. PAUL TRAVELERS,            )
                                   )
    Defendants.                    )

## NOTICE TO TAKE DEPOSITION DUCES TECUM

TO:   Mr. Christopher J. Zulanas
      Freidman, Leak, Dazzio, Zulanas & Bowling, P.C.
      3800 Colonnade Parkway
      Suite 650
      Birmingham, AL 35243

Please take notice that on Monday, the 5th day of June, 2006, at the offices of Ball, Ball,

Matthews & Novak, P.A., 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama,

beginning at 10:00 a.m., Defendant will take the deposition of the corporate representative of

State Automobile Mutual Insurance Company upon oral examination before an officer

authorized by law to administer oaths. The oral examination will continue from time to time until

completed. Pursuant to Rule 30(b)(6), the Plaintiff is requested to designate one or more persons

as its corporate representative to testify concerning the allegations in the Complaint for

Declaratory Judgment filed in the above-styled action.

Pursuant to Rule 30(b)(5), the Defendant requests the Plaintiff to produce the following

documents or things:

1.     All contracts and agreements defining, describing and/or concerning the appointment of Aronov Insurance, Inc. as agent for the State Auto Companies (hereinafter, "State Auto") including, but not limited to, State Automobile Mutual Insurance Company, effective during the period from January 1, 2004 through December 31, 2005, or any portion thereof.

2.     All underwriting rules and regulations provided to Aronov Insurance, Inc. by or on behalf of State Auto addressing, governing and/or controlling the performance by Aronov Insurance, Inc. of its duties and responsibilities as agent of State Auto, effective during the period from January 1, 2004 through December 31, 2005, or any portion thereof.

3.     All correspondence, bulletins, directives, and documents of similar nature however described, addressing, governing and/or controlling the performance by Aronov Insurance, Inc. of its duties and responsibilities as agent of State Auto, effective during the period from January 1, 2004 through December 31, 2005, or any portion thereof.

4.     To the extent not produced in response to any of the foregoing numbered items, all correspondence, communications and recorded information provided to Aronov Insurance, Inc. pertaining to the issuance of certificates of insurance and/or endorsements related to policies of insurance issued by State Auto, effective during the period from January 1, 2004 through December 31, 2005, or any portion thereof.

5.     All documents, insurance policies, certificates of insurance, correspondence, communications and endorsements pertaining to David Bulger, Inc.

_____
JACK OWEN
C. WINSTON SHEEHAN, JR.
Attorneys for Defendant
Wiregrass Construction Co., Inc.

2

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680
(334) 387-3222 (Fax)
Email: ccowen@ball-ball.com
         wsheehan@ball-ball.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been served upon the following via United States Mail, first class, postage prepaid and properly addressed, facsimile, and email on May 25, 2006.

OF COUNSEL

Christopher J. Zulanas, Esq.
Michael J. Douglas, Esq.
Freidman, Leak, Dazzio, Zulanas & Bowling, P.C.
3800 Colonnade Parkway
Suite 650
Birmingham, AL 35243
Fax: (205) 278-7001
Email: czulanas@friedmanleak.com; mdouglas@friedmanleak.com

Carol Ann Smith, Esq.
Susan Rogers, Esq.
Smith & Ely, L.L.P.
Suite 405
2000A SouthBridge Parkway
Birmingham, AL 35209
fax: (205) 879-4445
Email: casmith@smith-ely.com; Email: srogers@smith-ely.com

cc:    Mr. Ricky Tyler
       Montgomery Reporting Services
       P.O. Box 1761
       Montgomery, AL 36103

3

# ATTACHMENT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

STATE AUTOMOBILE MUTUAL          )
    INSURANCE COMPANY,            )
                                 )
        Plaintiff,                )
                                 )
    vs.                          )        CIVIL ACTION NO. 3:06 CV 78-MHT
                                 )
WIREGRASS CONSTRUCTION CO.,       )
    INC., and THE TRAVELERS      )
    INDEMNITY COMPANY,           )
                                 )
        Defendants.               )

## NOTICE TO TAKE PLAINTIFF'S DEPOSITION
## PURSUANT TO RULE 30 (b)(5)&(6)

Please take notice that on the day and time listed below, the Defendant, The Travelers Indemnity Company, will take the deposition of the corporate representative of State Automobile Mutual Insurance Company upon oral examination pursuant to Rule 30 of the Federal Rules of Civil Procedure before a notary public or before some other officer authorized to administer oaths, for the purpose of discovery or for use as evidence in this action, or for both purposes. Pursuant to Rule 30(b)(6), the Plaintiff is requested to designate one or more persons as its corporate representative to testify concerning the allegations in the Complaint for Declaratory Judgment filed in the above-styled action.

**DEPONENT:**      Corporate Representative of State Automobile Mutual
                   Insurance Company

**DATE:**          June 22, 2006

**TIME:**          10:00 a.m.

**PLACE:**         Law Office of Smith & Ely

2000A SouthBridge Parkway
Suite 405
Birmingham, AL 35209

The plaintiff is requested to produce for inspection and copying pursuant to Rule 30(b)

(5) of the Federal Rules of Civil Procedure, the following documents and things:

1.    The complete underwriting file regarding David Bulger, Inc.

2.    All documents, insurance policies, endorsements, certificates of insurance, correspondence, and communications pertaining to David Bulger, Inc.

3.    All contracts and agreements defining, describing, and/or concerning the appointment of Aronov Insurance, Inc. as agent for the State Auto Companies ("State Auto") including, but not limited to, State Automobile Mutual Insurance Company.

4.    All underwriting rules and regulations provided to Aronov Insurance, Inc. by or on behalf of State Auto addressing, governing and/or controlling the performance by Aronov Insurance, Inc. of its duties and responsibilities as agent of State Auto.

5.    All correspondence, bulletins, directive, and documents of similar nature however described, addressing, governing and/or controlling the performance by Aronov Insurance, Inc. of its duties and responsibilities as agent of State Auto.

6.    To the extent not produced in response to any of the foregoing numbered items, all correspondence, communications, and recorded information provided to Aronov Insurance, Inc. pertaining to the issuance of certificates of insurance and/or endorsements related to policies of insurance issued by State Auto.

7.    The agency file for Aronov Insurance, Inc.

2

Carol Ann Smith (ASB-3485-T81C)
Susan McCurry (ASB-5544-O54S)
Attorneys for The Travelers Indemnity
Company

OF COUNSEL:
SMITH & ELY, LLP
2000A SouthBridge Parkway
Suite 405
Birmingham, Alabama 35209
(205) 802-2214

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all
parties of record by:

|  | |
|---|---|
| _____ | Hand Delivery |
| _____X_____ | U. S. Mail |
| _____ | Overnight Delivery |
| _____ | Facsimile |
| _____ | E-File |

on this the 13th day of June, 2006.

OF COUNSEL

cc:

Christopher John Zulanas
Michael Jon Douglas
H. Spence Morano
Friedman, Leak, Dazzio, Zulanas & Bowling, PC

3

P.O. Box 43219
Birmingham, AL 35243

C.Winston Sheehan, Jr.
Jack Owen, Jr.
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102

4