# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) ) WIREGRASS CONSTRUCTION CO., INC., ) and THE TRAVELERS INDEMNITY ) COMPANY, ) ) Defendants. | CIVIL ACTION NO. 3:06 CV 78-MHT |

### AFFIDAVIT OF SUSAN H. MCCURRY

COMES NOW Susan H. McCurry, being first duly sworn, deposes and says:

I am counsel of record in this action for Defendant The Travelers Indemnity Company ("Travelers"). I am over the age of nineteen (19), of sound mind, and have personal knowledge of the facts set forth in this Affidavit.

This affidavit is offered in support of the Rule 56(f) motion of Travelers with respect to the discovery of essential records and information needed by the defendants to develop responses to the motion for summary judgment filed by State Automobile Insurance Company ("State Auto"). In its motion for summary judgment, State Auto raises facts and legal arguments with respect to certificates of insurance issued by State Auto's authorized agent, Aronov Insurance, Inc. ("Aronov") to Wiregrass Construction Company, Inc. ("Wiregrass"). Aronov's representative, Mark Keltz, testified in deposition that State Auto authorized Aronov to issue certificates of insurance on behalf of State Auto, such as those issued by Aronov to Wiregrass. (Doc. 38-1, Deposition of Mark L. Keltz, p. 128, lines 2-21). Mr. Keltz testified that Aronov was authorized by State Auto to issue a

certificate of insurance to additional insureds such as Wiregrass without either advance notice to State Auto or without follow up notice to State Auto. (Doc. 38-1, Deposition of Mark L. Keltz, p. 128, lines 2-21, p.167-168, lines 16-7)  Mr. Keltz testified in deposition that the certificates of insurance issued by Aronov to Wiregrass and to David Bulger Inc., which are in issue in this action, were issued pursuant to this authorization by State Auto. (Doc. 38-1, Deposition of Mark L. Keltz, p. 130-131, lines 12-11).

The certificates of insurance in issue listing Wiregrass as an additional insured under the State Auto insurance policies are the central issue in this action. In its motion for summary judgment and brief, State Auto contends that Wiregrass is not an additional insured under any of the State Auto policies and contends that the certificates of insurance in issue are without effect. See Doc. 40, pp. 22-24.  State Auto disputes Mr. Keltz's testimony regarding the authority of Aronov to issue such certificates. State Auto bases its summary judgment on a portion of the file that it maintains on its agency agreement with Aronov but has failed and refused to provide full copies of this file. Defendants have requested production of the entire underwriting files maintained by Aronov and by State Auto but have received only partial production of Aronov's file and no production by State Auto.

Defendants' requests for such production were timely made as follows:

- On April 5, 2006, Wiregrass issued a subpoena to Aronov Insurance requesting documents. (Timely response to this discovery request was delayed because State Auto filed a motion to quash the subpoena. On May 12, 2003, the Court entered an order requiring production of the file but protecting any confidential information by means of a protective order).

2

- On May 25, 2006, Wiregrass served a deposition notice on Mark Keltz with Aronov, requesting documentation from Aronov.

- On May 25, 2006, Wiregrass served notice for the deposition of the State Auto corporate representative, accompanied by document requests.

- On June 13, 2006, Travelers served notice for the deposition of the State Auto corporate representative, accompanied by document requests.

On May 30, 2006, State Auto advised defense counsel that he was not available for the deposition of Aronov, which was scheduled for June 2, 2006, and that State Auto's corporate representative would not be available on June 5, 2006.

The deposition of Aronov finally went forward on June 5, 2006. Aronov produced documents requested pursuant to the subpoena from Wiregrass; however, during the course of the deposition, counsel learned that the documents produced included only selected portions of the Aronov file. Aronov's representative at the deposition agreed to provide full copies. The complete production has not been received.

After the deposition of Mr. Keltz, defense counsel wrote counsel for State Auto on several occasions, advising of the defendants' need of discovery from State Auto in advance of the June 28, 2006 due date for defendants to respond to State Auto's summary judgment motion. Defense counsel offered to schedule the deposition of State Auto at any time, including nights and weekends, before the June 28, 2006 due date for defendants' response. Counsel for State Auto first suggested that the documents could be produced in electronic form no later than June 22, 2006 and that the deposition could be taken on Sunday June 25, 2006. This suggestion was withdrawn by counsel for State Auto. Defense counsel was advised that State Auto's documents and deposition could not be

3

provided before the June 28, 2006 due date. Under these circumstances, the defense counsel advised counsel for State Auto that defendants could not agree to continuance of the deposition as noticed or delay in the production of documents as noticed.

Counsel for defendants have called, written, and emailed counsel for State Auto to resolve these discovery issues without success. State Auto failed to appear at either of two deposition settings, failed to produce documents, and failed to provide alternative dates for deposition prior to the June 28, 2006 due date for responding to summary judgment. See attached Addendum of Attempts to Resolve Discovery Dispute.

The deposition and discovery requested from State Auto of copies of its files, of its dealings with Aronov, and of its underwriting files are essential to the issues raised in State Auto's summary judgment filings. Without access to the requested discovery from State Auto, defendants are effectively precluded from exploring the accuracy of the facts on which State Auto bases its summary judgment motion, and if the Court finds merit in State Auto's summary judgment arguments, defendants will be severely prejudiced. Due process of law will have been denied as a result of State Auto's failure to submit for deposition as noticed. By extending professional courtesy and offering to permit rescheduling of State Auto's deposition date and discovery response to a time convenient to State Auto and its counsel, defendants were prevented from bringing this matter to the attention of the Court. To permit State Auto to go forward with its summary judgment motion under these circumstances would unduly prejudice the defendants.

4

The motions for summary judgment filed by Travelers and by Wiregrass are not dependent on the same set of facts on which State Auto relies in its motion for summary judgment, and if defendants motions for summary judgment are meritorious, State Autos' failure to provide discovery will be of no consequence.

_____
Susan H. McCurry

COUNTY OF JEFFERSON
STATE OF ALABAMA

Sworn to and subscribed before me this the 23rd day of June, 2006.

_____
Notary Public

My Commissions Expires: __MY COMMISSION EXPIRES APRIL 14, 2008__

5