IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
**(EASTERN DIVISION)**

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) WIREGRASS CONSTRUCTION CO., INC., ) and THE TRAVELERS INDEMNITY CO., ) ) Defendants. ) | CIVIL ACTION CASE NUMBER: **3:06-CV-00078-MHT** |

**STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S
OPPOSITION TO DEFENDANT'S MOTION TO COMPEL
AND RULE 56(f) MOTION TO DENY MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff in the above-styled action, **State Automobile Mutual Insurance Company ("State Auto")**, and in opposition to Defendant Travelers Indemnity Company's Motion to Compel Discovery and Rule 56(f) Motion to Deny State Auto's Motion for Summary Judgment, sets forth and says as follows:

1. This lawsuit was filed on January 27, 2006 and consequently, has been pending for several months. Travelers Indemnity Company did not request the deposition of a State Auto corporate representative or attempt to schedule it with State Auto's counsel until less than two weeks ago.[1] Instead, Travelers Indemnity Company sent State Auto's counsel its deposition notice and

---

[1] Wiregrass Construction Co., Inc. did notice State Auto's corporate representative's deposition by serving its notice by mail on May 25, 2006. However, that was unilaterally done without any notice to State Auto's counsel. It also sent notice of the deposition of Mark Keltz of Aronov Insurance on the same date. It unilaterally selected June 2, 2006 for Mr. Keltz's deposition and June 5, 2006 for the deposition of State Auto's representative. Counsel for State Auto was not consulted on either date and was out-of-state on other matters on June 2, 2006. However, counsel for State Auto made arrangements to be available for Mr. Keltz's deposition which Wiregrass Construction's counsel agreed to take on the June 5, 2006 date it unilaterally chose for State Auto's corporate representative deposition. No requests were made by Wiregrass Construction or Travelers for State Auto's corporate representative's deposition again until Travelers unilaterally notice the deposition it is now asking the Court to compel. (See letter from Travelers counsel indicated same, attached as Exhibit 1).

document request on June 13, 2006 unilaterally selecting June 22, 2006 for the deposition. State Auto's counsel did not receive the deposition notice until the following day.

2. Philip Crumley, State Auto's Alabama Territory Manager, is the individual who would compile the documents contained in Travelers' document request. Mr. Crumley was out-of-state on business and did not return until this Monday, June 19, 2006. (Affidavit of Mr. Crumley, attached as Exhibit 2). Mr. Crumley and his staff have been working to compile the documents requested, but cannot do so before the end of the week. State Auto's counsel has informed Travelers' counsel of the situation repeatedly, but Travelers is still demanding the State Auto representative's deposition before the Court's deadline for summary judgment submissions, which is June 28, 2006. In other words, Travelers wants State Auto to compile documents it could have requested months ago and prepare for a deposition within two weeks because it failed to make a timely request. Had Travelers contacted State Auto's counsel and asked for the deposition or requested the documents in a timely fashion, it would not have to ask the Court for the extreme relief it now requests.

3. Although State Auto understands Travelers' interest in taking depositions in this case, Travelers should not be allowed to benefit by noticing State Auto's deposition on short notice, demanding State Auto produce volumes of documents and then put a representative up for deposition without its counsel or the representative having an opportunity to even review the documents to be produced. If such were allowed, State Auto would be greatly prejudiced.

4. Federal Rule of Civil Procedure 30(b)(1) plainly states "a party desiring to take the deposition of any person upon oral examination **shall give reasonable notice** in writing to every other party to the action." Here, Travelers failed to comply. State Auto cannot compile the documents contained in Travelers' duces tecum before the end of the week, and would not have to

do so if Travelers had given it reasonable notice of its request. Further, State Auto's counsel should be allowed ample opportunity to review any documents produced by State Auto in response to Travelers' deposition notice before a State Auto representative testifies. Additionally, State Auto's representative resides out-of-state, State Auto's counsel will have to travel there for the deposition and should be given a reasonable opportunity to meet with State Auto's representative to review State Auto's documents and prepare for the deposition. Since the documents themselves cannot be compiled and reviewed within the time frame Travelers is now demanding, it is impossible for State Auto to reasonably prepare for deposition. Consequently, Travelers should not be allowed this deposition.

5.      Travelers' request for Rule 56(f) relief is also baseless. Again, had Travelers simply requested the discovery is now contends is essential to its claims, it should have done so sooner and the Court would not now be burdened by this matter. Also, Travelers' claim that discovery from third-party Aronov Insurance was somehow delayed by State Auto is simply false.

6.      First, Travelers did not issue the subpoena to Aronov Insurance or any other party. The subpoena was issued by Wiregrass Construction and it is not now complaining to the Court those documents were not produced. Second, State Auto simply requested the documents maintained by Aronov Insurance which might fall within the scope of the Court's protective order be deemed "protected" and Aronov Insurance produced its documents in response to Wiregrass Construction's subpoena on March 31, 2006. (See letter from Mr. Keltz attached as Exhibit 3). Another disc containing scanned documents was produced by Mr. Keltz and forwarded to Wiregrass Construction's counsel on June 22, 2006. (See memorandum from Mr. Keltz attached as Exhibit 4). Since the Aronov Insurance documents Travelers claims it needs to oppose State Auto's summary judgment have been produced and Travelers own delay in requesting discovery from State

Auto put it in position to have to file its present motion, there is no basis for Travelers' request that State Auto' motion for summary judgment be refused and Travelers' Rule 56(f) request is due to be denied.

WHEREFORE, PREMISES CONSIDERED, State Automobile Mutual Insurance Company respectfully requests that this Honorable Court deny Defendant Travelers Indemnity Company's Motion to Compel and Rule 56(f) Motion to Deny on a full and final basis.

  s/ Christopher J. Zulanas

Christopher J. Zulanas
Michael J. Douglas

Attorneys for State Automobile Mutual Ins. Co.

FRIEDMAN, LEAK, DAZZIO,
ZULANAS & BOWLING, P.C.
Post Office Box 43219
Birmingham, AL 35243
(205) 278-7000
(205) 278-7001 Fax

## CERTIFICATE OF SERVICE

      I hereby certify I have caused a copy of the foregoing pleading to be mailed to all parties/counsel of record by *e-file: CM/ECF* on this the ___25th___ day of _____June_____, 2006.

                          ___s/ Christopher J. Zulanas___

                          OF COUNSEL

cc:
Clyde C. (Jack) Owen Jr.
C. Winston Sheehan, Jr.
**BALL, BALL, MATTHEWS & NOVAK, P.A.**
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Carol Ann Smith
Susan H. McCurry
**SMITH & ELY, LLP**
2000A SouthBridge Parkway, Suite 405
Birmingham, AL 35209