IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
**(EASTERN DIVISION)**

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION CASE NUMBER: ) **3:06-CV-00078-MHT** |
| WIREGRASS CONSTRUCTION CO., INC., and THE TRAVELERS INDEMNITY CO., | ) ) ) |
| Defendants. | ) |

### STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS COUNTERCLAIM

COMES NOW Plaintiff/Counter-Defendant, **State Automobile Mutual Insurance Company**

**("State Auto")**, in the above-styled action, and respectfully moves this Court, pursuant to Federal Rule

of Civil Procedure 12(b)(6), to enter an order dismissing Count II of Defendant/Counterclaim Plaintiff The

Travelers Indemnity Company's Counterclaim alleging breach of insurance contracts. As grounds for this

motion, State Auto would show unto the Court as follows:

1.      This cause arises out of a civil action styled *Jessica Hatton as dependent widow and*

*Administratrix of the Estate of Jackson Irving Hatton, Jr. vs. David Bulger, Inc., et al.*, bearing Civil

Action Number CV05-119 filed and pending in the Circuit Court of Macon County, Alabama. (the

"underlying lawsuit"). Wiregrass Construction Company, Inc. ("Wiregrass") is named as a Defendant in

the underlying lawsuit under a theory that it negligently and/or wantonly failed to maintain control of traffic

during the construction process, resulting in the wrongful death of Jackson Irving Hatton, Jr.

2.     State Auto commenced the instant declaratory judgment action seeking a declaration of its rights and obligations to Wiregrass under certain policies of insurance issued to its named insured, David Bulger, Inc., ("DBI") also a party Defendant to the underlying lawsuit. The Travelers Indemnity Company ("Travelers") provides liability insurance coverage to its named insured, Wiregrass. It is undisputed Travelers is not an insured on State Auto's policies and that there are no contracts of insurance between State Auto and Travelers.

3.     On June 28, 2006, Travelers filed a counterclaim against State Auto in this declaratory judgment action. In Count I of its counterclaim, Travelers seeks declaratory relief to determine the rights, status and legal relations between itself, State Auto, and Wiregrass "with respect to coverage for Wiregrass against the claims made in the Hatton suit with respect to State Auto's insured contract coverage for DBI against the contract claims of Wiregrass against DBI." Counterclaim ¶ 16.

4.     In Count II of its Counterclaim, Travelers asserts a claim for "breach of insurance contracts" and specifically alleges: 1) that Wiregrass is an additional insured under State Auto's commercial general liability policy, commercial excess liability policy, and business auto policy; 2) that State Auto breached its insurance contracts by failing to defend and indemnify Wiregrass in the underlying lawsuit; 3) that State Auto breached its contractual duties to David Bulger, Inc. by denying "insured contract" coverage for DBI for DBI's breach of its Subcontract with Wiregrass; and 4) that Travelers is subrogated to the claims of its insured, Wiregrass, for defense and indemnity against State Auto, and against DBI, and State Auto has the duty and obligation to defend and indemnify Wiregrass and to provide insured contract coverage for DBI for its breach of its subcontract with Wiregrass.

5.     In short, Travelers lacks standing to maintain its claim for "breach of insurance contracts" against State Auto. "Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation. Lack of standing is a jurisdictional defect." *George Dunning v. New England Life Insurance Company*, 890 So. 2d 92, 97 (Ala. 2003). It is axiomatic under Alabama law that "one that is not a party to, or in privity with, a contract cannot sue for its breach." *Id* at 97; See also *Airlines Reporting Corp. v. Higginbotham*, 643 So. 2d 942, 954 (Ala. 1994); *Twine v. Liberty National Life Ins. Co.*, 311 So. 2d 299 (Ala. 1975) (holding that "[T]he rule is that one not a party to, or in privity with a contract, cannot sue for its breach; and a stranger to a contract can take no advantage of a breach of any condition of the contract.)(Quoting *Watson v. Mills*, 153 So.2d 612). In this case, it is undisputed that State Auto contracted solely with DBI to provide it with insurance coverage. At no time did State Auto enter into any contractual relationship with Travelers. Travelers is neither a party to, nor in privity with, any insurance contract with State Auto, and therefore cannot maintain its breach of insurance contracts claim against State Auto. *Airlines Reporting*, supra at 954; *Twine* at 299.

6.     Travelers premises its breach of insurance contract claims against State Auto by alleging that "[Travelers] is subrogated to the claims of its insured, Wiregrass, for defense and indemnity against State Auto, and against DBI, and State Auto has the duty and obligation to defend and indemnify Wiregrass and to provide insurance contract coverage for DBI for its breach of it subcontract with Wiregrass." Counterclaim ¶ 25. Here, Travelers improperly attempts to circumvent the requirement that it be a party to, or in privity with, the insurance contracts it claims have been breached by State Auto by alleging that it is subrogated to the rights of its named insured, Wiregrass. To the extent Travelers relies upon its alleged subrogation interest to prosecute its breach of insurance contracts claim against State Auto, Alabama law provides that it cannot do so absent a payment to the Plaintiff in the underlying lawsuit. *Nationwide Prop.*

*& Cas. Ins. Co., v. DPF Architects, P.C.* 792 So. 2d 369, 372-73 (Ala. 2000). The *Nationwide*

decision provides, in pertinent part:

> Alabama law is clear:
>
> > The rule making payment a prerequisite to subrogation is for the benefit of the insured. As explained in *Aetna Insurance Company v. Hann*, an insured's "demand against the wrongdoer must be satisfied so as to relieve him of trouble and risk; and it is this securing of satisfaction by the insured which gives the insurer the right to be subrogated to the rights of the insured against the wrongdoer." *Brown Mechanical Contractors, Inc. v. Centennial Ins. Co.*, 431 So. 2d 932, 937 (Ala. 1983). Therefore, "the only party with standing to object to the insurer's lack of payment is the insured." *Economy Fire & Cas. Co. v. Goar*, 564 So. 2d 867, 868 . (Ala. 1990).

*Id* at 372-73.

Where, as here, no payment has been made nor any judgment rendered in the underlying lawsuit,

Travelers is without a foundation upon which to base its breach of insurance contracts claim against State

Auto.

7.    Under Federal Rule of Civil Procedure 12(b)(6), where a party fails to state a claim upon

which relief can be granted, dismissal of the claim is appropriate relief. Since there is no evidence of a

contractual relationship between State Auto and Travelers and, in fact, Travelers makes no such contention

in its counterclaim, Travelers' claim for breach of contract fails as a matter of law and is due to be

dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, premises considered, Plaintiff/Counter-Defendant State Automobile Mutual

Insurance Company respectfully requests this Court to enter an Order dismissing Count II of Travelers'

Counterclaim for failure to state a claim upon which relief may be granted. State Auto further requests

such other and different relief as the Court deems appropriate.

Respectfully submitted,

Christopher J. Zulanas
(Email:  czulanas@friedmanleak.com)

Michael J. Douglas
(Email:  mdouglas@friedmanleak.com)

**Attorneys for Plaintiff, State Automobile Mutual Insurance Company**

**OF COUNSEL:**
FRIEDMAN, LEAK, DAZZIO, ZULANAS & BOWLING, P.C.
3800 Colonnade Parkway, Suite 650
Birmingham, AL 35243
Telephone: (205) 278-7000
Facsimile: (205) 278-7001

## CERTIFICATE OF SERVICE

I hereby certify I have caused a copy of the foregoing pleading to be served on counsel for all parties this 12ᵀᴴ day of July , 2006.

Clyde C. ("Jack") Owen Jr.
C. Winston Sheehan, Jr.
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

David E. Allred
7030 Fain Park Drive, Suite 9
Montgomery, AL 36117

Carol Ann Smith
Susan H. McCurry
2000A SouthBridge Parkway, Suite 405
Birmingham, AL 35209

OF COUNSEL