IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(EASTERN DIVISION)

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> WIREGRASS CONSTRUCTION CO., INC., and THE TRAVELERS INDEMNITY CO., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION CASE NUMBER: <br> **3:06-CV-00078-MHT** |

## STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S ANSWER TO COUNTERCLAIM

COMES NOW, Plaintiff **State Automobile Mutual Insurance Company** ("State Auto"), and for answer to Count I of Defendant/Counter-Plaintiff The Travelers Indemnity Company's ("Travelers") Counterclaim, sets forth and says as follows:

### FIRST DEFENSE

Venue is improper.

### SECOND DEFENSE

Plaintiff is not guilty of the allegations of wrongdoing set forth in the Counterclaim on behalf of Travelers.

### THIRD DEFENSE

That the counterclaim fails to state a cause of action upon which relief may be granted.

## FOURTH DEFENSE

That the allegations of Travelers are not true and no justiciable controversy exists.

## FIFTH DEFENSE

That State Auto pleads the general issue.

## SIXTH DEFENSE

That State Auto denies that Travelers has been damaged or injured to the extent claimed in the counterclaim and demands strict proof thereof.

## SEVENTH DEFENSE

That although State Auto reserves its rights to amend its answer to assert any further defenses, affirmative or otherwise, pursuant to the Federal Rules of Civil Procedure, State Auto asserts the following affirmative defenses as required by Rule 8, §(e), Federal Rules of Civil Procedure, as follows: laches, estoppel, waiver, and payment.

## EIGHTH DEFENSE

That State Auto denies each and every material allegation of Travelers' counterclaim and demands strict proof thereof.

## NINTH DEFENSE

That Counterclaimant is not entitled to a reformation under Alabama law as requested in its counterclaim.

## TENTH DEFENSE

Plaintiff/Counter-Defendant denies each and every material allegation in the Counterclaim and demands strict proof thereof.

## ELEVENTH DEFENSE

Service of process on this Plaintiff/Counter-Defendant was improper and invalid.

## TWELFTH DEFENSE

That Travelers insured, Wiregrass Construction, is entitled to the benefits provided by Travelers' policy of defense and indemnity.

## THIRTEENTH DEFENSE

That Travelers is not entitled to the relief prayed for in its counterclaim for declaratory judgment.

## FOURTEENTH DEFENSE

State Auto pleads waiver, estoppel and unclean hands to the extent they may apply.

## FIFTEENTH DEFENSE

State Auto asserts that Travelers' cause of action is barred by the applicable status of limitations.

---

**NOW, THEREFORE**, having answered the Counterclaim setting forth general and affirmative defenses, State Auto sets forth the following response to each individually numbered count and paragraph contained in Count I of the Counterclaim as follows:

1. Admitted.

2. State Auto admits the *Hatton* lawsuit contains claims against David Bulger, Inc. and Wiregrass Construction and that the complaints, as amended, in the *Hatton* lawsuit speak for themselves. Any remaining allegations against State Auto in this paragraph are denied and strict proof thereof is demanded.

3. State Auto admits David Bulger, Inc. subcontracted with Wiregrass Construction and that the subcontract agreement speaks for itself. Any remaining allegations against State Auto in this paragraph are denied and strict proof thereof is demanded.

4. Admitted.

5. State Auto admits David Bulger, Inc. subcontracted with Wiregrass Construction and that the subcontract agreement speaks for itself. Any remaining allegations against State Auto in this paragraph are denied and strict proof thereof is demanded.

6. Denied.

7. Denied.

8. State Auto admits it seeks a declaration of its rights and obligations under the insurance policies it issued to David Bulger, Inc. in the present action. All remaining allegations against State Auto contained in this paragraph are denied and strict proof thereof is demanded.

9. State Auto admits it seeks a declaration of its rights and obligations under the insurance policies it issued to David Bulger, Inc. in the present action. All remaining allegations against State Auto contained in this paragraph are denied and strict proof thereof is demanded.

10. State Auto admits David Bulger, Inc. subcontracted with Wiregrass Construction and that the subcontract agreement speaks for itself. Any remaining allegations against State Auto in this paragraph are denied and strict proof thereof is demanded.

11. State Auto admits it seeks a declaration of its rights and obligations under the insurance policies it issued to David Bulger, Inc. in the present action. All remaining allegations against State Auto contained in this paragraph are denied and strict proof thereof is demanded.

12. State Auto admits it seeks a declaration of its rights and obligations under the insurance policies it issued to David Bulger, Inc. in the present action. All remaining allegations against State Auto contained in this paragraph are denied and strict proof thereof is demanded.

13. State Auto admits it seeks a declaration of its rights and obligations under the insurance policies it issued to David Bulger, Inc. in the present action. All remaining allegations against State Auto contained in this paragraph are denied and strict proof thereof is demanded.

14. Any allegations against State Auto contained in this paragraph are denied and strict proof thereof is demanded.

## COUNT ONE

### Declaratory Judgment

15. This defendant adopts and incorporates by reference all previous paragraphs contained in this answer as if fully set forth herein.

16. State Auto denies Travelers is entitled to the remedies it seeks in its counterclaim and denies all material allegations contained in the counterclaim and demands strict proof thereof.

17. State Auto denies Travelers is entitled to the remedies it seeks in its counterclaim and denies all material allegations contained in the counterclaim and demands strict proof thereof.

Respectfully submitted,

_____
Christopher J. Zulanas
Michael J. Douglas

**Attorneys for Plaintiff, State Automobile Mutual Insurance Company**

OF COUNSEL:
FRIEDMAN, LEAK, DAZZIO, ZULANAS & BOWLING, P.C.
3800 Colonnade Parkway, Suite 650
Birmingham, AL 35243
Telephone: (205) 278-7000
Facsimile: (205) 278-7001

## CERTIFICATE OF SERVICE

I hereby certify I have caused a copy of the foregoing pleading to be served on counsel for all parties this \_\_12TH\_\_ day of \_\_July\_\_, 2006.

Clyde C. ("Jack") Owen Jr.
C. Winston Sheehan, Jr.
**Ball, Ball, Matthews & Novak**
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Carol Ann Smith
Susan H. McCurry
**Smith & Ely, LLP**
2000A SouthBridge Parkway, Suite 405
Birmingham, AL 35209

David E. Allred
**David E. Allred, P.C.**
7030 Fain Park Drive, Suite 9
Montgomery, AL 36117

_____
OF COUNSEL

1.6